Elena Chapa BALLI, for herself and class members, Plaintiff-Appellant,

v.

Ernest HAYNES, Sheriff of Tom Green County, et al., Defendants.

Texas Commission on Jail Standards, et al., Defendants-Appellees.

No. 86–1028
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1986.

American Civil Liberties Foundation of Texas, Inc., James C. Harrington, Austin, Tex., for plaintiff-appellant.

Jim Mattox, Atty. Gen., Michael F. Lynch, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The decision of this court in *Bush v. Viterna*[1] forecloses the claim that the Texas Commission on Jail Standards or its director may be held liable in damages for violation of 42 U.S.C. § 1983 on the basis of their alleged failure to fulfill the duties imposed on the Commission by state law. We therefore affirm the district court judgment dismissing the claims against the Commission's director.

Mario Balli committed suicide in the Tom Green County (Texas) jail. His mother, Maria Balli, filed suit seeking damages for alleged constitutional violations of her son's rights in the conditions of his confinement that resulted in his death and, invoking the class action provisions of Federal Rule of Appellate Procedure, Rule 23, seeking declaratory and injunctive relief. She named as defendants various county officials, the Texas Commission on Jail Standards, and the Commission's director, Robert O. Viterna.

Viterna and the Commission moved to dismiss the complaint both because it failed to state a claim for which relief could be granted and because it failed to state specific facts that would establish her right to recover, as required by us in *Elliot v. Perez.*[2] Thereafter, Balli sought to amend her pleadings. Without ruling on her motion to do so, the district court dismissed these two

defendants without prejudice because of the lack of particularity in the pleadings. It later entered a certificate pursuant to Federal Rule of Appellate Procedure 54(b) making the dismissal appealable. Balli appeals the judgment as to Viterna only, individually and in his capacity as Commission director.

After the district court had entered judgment, this appeal had been taken, and the initial briefs had been filed, a panel of this court held in *Bush v. Viterna*, n. 1 that neither the Commission nor its director could be liable for a violation of federal constitutional rights by virtue of the duties imposed on them by state law. The court first examined the Texas statutory scheme and concluded that, although the Commission had the duty to promulgate jail standards, it had no duty to enforce those standards.[3] Rejecting the argument that the Commission might be liable for failure to perform the alleged state-imposed supervisory duty, the court concluded that, even "accepting for now the concept that the breach of a state-imposed duty can cause a constitutional tort, ... the necessary causal relationship is absent when a state duty to regulate, monitor, inspect, or advise is not accompanied by an obligation to extirpate constitutionally substandard conditions or activities that may be encountered."[4]

The court stressed "the different roles that state and federal law play in the analysis of constitutional torts,"[5] and the absence of any "causal relationship" between the breach of a duty by Viterna to enforce state standards and unconstitutional jail conditions in a particular county. Although the district court ruling was not based on the failure of the complaint to state a claim, *Bush* makes that ground for dismissal so clear that it would be futile for us to consider the other grounds for appeal

1. 795 F.2d 1203 (5th Cir.1986).
2. 751 F.2d 1472 (5th Cir.1985).
3. *Bush,* 795 F.2d at 1204–06.
4. *Id.* at 1208.
5. *Id.*

and, if we found them valid, to remand for reconsideration of this issue.

■ Balli seeks to distinguish *Bush* because the county defendants in this case rely on the fact that they were acting in accordance with the Commission's standards to show they had not violated the federal constitution. That argument is itself a nonsequitur for it necessarily follows from the holding in *Bush* that the violation of state standards does not per se violate the federal Constitution. State standards do not establish federal constitutional standards. Under Texas law, county officials are responsible for jail conditions.[6] We intimate no opinion whether the conditions for which they are responsible do or do not meet federal constitutional requirements.

Recognizing the effect of *Bush* on her claim against Viterna, Balli urges us to certify to the Texas Supreme Court the question whether the Commission has a duty to enforce minimum federal constitutional standards. In *Bush*, however, the court stated, "[w]e think ... that the meaning of the statute [defining the Commission's duties] is sufficiently clear that we ought to decide the federal questions that depend on its interpretation."[7] It, therefore, refused to abstain until the state courts had interpreted the statute. There is no reason to find the statute less clear the second time around.

*Bush* is now the law of the circuit. For reasons stated in my dissent in *Stern v. Tarrant County Hospital*,[8] and for other reasons that it would serve no real purpose to state, I would reach a different result if the question were now open, but I abide by the circuit law. Judges Randall and Higginbotham do not join in this paragraph for it reflects only my personal views.

For these reasons, the judgment is AFFIRMED.

6. *See* Tex.Rev.Civ.Stat.Ann. art. 5115 (Vernon Supp.1986).

7. 795 F.2d at 1205 n. 1.

8. 778 F.2d 1052 (5th Cir.1985) (en banc), *cert. denied,* — U.S. ——, 106 S.Ct. 1957 (1986).