John ORTIZ, individually and on behalf of all others similarly situated,

v.

Donald J. TURNER, individually and in his capacity as Sheriff of Alexander County, and his employees, agents and successors; Eugene Farris, individually and in his capacity as Chairman of the Alexander County Board of Commissioners; Fred McRoy, individually and in his capacity as a member of the Alexander County Board of Commissioners; George Bader, individually and in his capacity as a member of the Alexander County Board of Commissioners; Charles Rowe, individually and in his capacity as Director of the Department of Corrections of the State of Illinois; Oliver E. O'Kier, individually and in his capacity as Chief of the Bureau of Detention Standards and Services of the Department of Corrections of the State of Illinois; and Ronnie L. Wells, individually and in his capacity as Corrections Compliance Specialist of the Bureau of Detention Standards and Services of the Department of Corrections of the State of Illinois, Defendants.

No. CV77–2099–B.

United States District Court,
S.D. Illinois,
Benton Division.

Jan. 8, 1987.

Richard D. Chase, Land of Lincoln Legal Assistance Foundation, Inc., East St. Louis, Ill., Herbert A. Eastman, St. Louis University School of Law, St. Louis, Mo., for plaintiffs.

Thomas Schmidt, Asst. Atty. Gen., Springfield, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendants' Supplemental Motion for Directed Verdict, which the Court construes as a Motion to Dismiss pursuant to Rule 41(b), *Fed.R.Civ.Pro.* Defendants' Motion is based upon the case of *Bush v. Viterna*, 795 F.2d 1203 (5th Cir.1986). Upon a review of that case and the plaintiffs' proof at trial, the Court concludes that defendants' Motion should be granted. The Court's findings of fact and conclusions of law are incorporated herein.

*Bush v. Viterna* dealt with the responsibility of the Texas Commission on Jail Standards for conditions existing in Texas County jails. The case at bar involves the responsibility of the officials working in the Illinois Department of Corrections (D.O.C.) for conditions existing at the Alexander County jail. The Texas Statute charged the Commission with the implementation of a policy "that all county jail facilities in the state conform to certain minimum standards of construction, maintenance, and operation." *Tex.Rev.Civ.Stat. Ann.*, art. 5115.1 § 1 (Vernon Supp.1986). The Texas Statute also provided that "the Commission *shall* establish minimum standards for the physical plant of county jails, for custodial care and for staffing and services at those facilities." *Bush*, 795 F.2d at 1205, *citing Tex.Rev.Civ.Stat.Ann.*, art. 5115.1 § 9(a)(1)–(3) (emphasis in original). The Texas Commission was to require and review reports about the jails and to report non-compliance with the standards to local officials and the governor. *Id.* §§ 9(a)(8)–(9), 11(b). The Illinois Statute in the case at bar gives the D.O.C. similar duties, as the statute provides that it "shall establish for the operation of county … jails … minimum standards for the physical condition of such institutions and for the treatment of inmates with respect to their

health and safety and the security of the community and to make recommendations to such institutions to assure compliance with the requirements of such minimum standards." *Ill.Rev.Stat.*, ch. 38, § 1003–15–2(a). The D.O.C. is also required to inspect the jails once a year for compliance with the standards and to notify the county board and sheriff of any non-compliance with the standards. *Id,* (b). Insofar as enforcement is concerned, the Illinois statute provides as follows: "If the facility is not in compliance with such standards when six months have elapsed from the giving of such notice, the Director of Corrections may petition the appropriate court for an order requiring such facility to comply with the standards established by the Department or for other appropriate relief." *Id.* The enforcement provisions of the Texas statute provide:

> If the [county] commissioners or sheriff does not comply [with commission orders] within the time granted by the commission, the commission may, by order, prohibit the confinement of prisoners in the non-complying jail.
>
> \* \* \* \* \* \*
>
> The commission, in lieu of closing a county jail, may institute an action [in state court] in its own name to enforce, or enjoin the violation of its orders, rules or procedures ...

*Tex.Rev.Cir.Stat.Ann.,* Art. 5115.1, § 11(d), (f). It is apparent that although the statutes are not identical, they are essentially similar insofar as the duties of the Texas Commission and the Illinois D.O.C. are concerned. Although prior case law, including decisions from this Court, had construed similar statutes as imposing a duty to prevent unconstitutional jail conditions, these decisions were prior to Supreme Court's opinion in *Pennhurst v. State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). As noted by *Bush,* the precedental force of such caselaw is weakened by the courts' reliance on concepts of "pendent jurisdiction and readings of the eleventh

amendment that are no longer applicable." *Bush,* 795 F.2d at 1208.

■ This Court now rejects its earlier analysis and concurs with the *Bush* Court's interpretation of the Texas Statute; the Court finds that the obligations imposed on the D.O.C. by Illinois Statute do not include enforcement of jail standards. *See Bush,* 795 F.2d at 1205. To find D.O.C. officials liable for jail conditions would be tantamount to imposing vicarious liability for the acts of the county officials who have been given the statutory responsibility[1] over maintenance of the jails. *Bush,* 795 F.2d at 1206. In the case at bar, the county officials have been sued, and a consent decree binding upon both parties has been entered. Plaintiffs have been given a remedy and violations of the decree can be handled through appropriate action in this Court.

■ Factually, plaintiffs' attempt to prove a causal link between the failure of the D.O.C. officials to ensure compliance with D.O.C. regulations and the conditions existing at the Alexander County jail also fails. Plaintiffs rely on the statements of former Sheriff Turner that he would have acted to comply with the standards had the D.O.C. officials threatened him with legal action. However, the Sheriff's statement cannot be given great credence in view of his repeated history of false assurances that the jail would be brought up to standard as well as his and his successor's failure to abide by the terms of the 1980 consent decree entered by this Court. To find that the tenuous causation suggested by the evidence at trial is sufficient to impose liability under 42 U.S.C. § 1983 would indeed result in the type of intrusion into state sovereignty which the Eleventh Amendment was designed to forbid. For example, factually, plaintiffs ask the Court to find that Defendant Wells, who was charged with inspecting the jails, did not examine and compare the jail logs in a thorough enough manner, did not correctly perceive that the arrangements for inmates

---

1. *See Ill.Rev.Stat.,* ch. 75, §§ 101–125.

communicating a need for medical treatment were satisfactory, and that he did not realize soon enough that the Sheriff's assurances of improvement were not worthy of belief. Plaintiffs also ask the Court to find that Defendants O'Kier and Lane, the Bureau Chief and Director of the D.O.C., should have scrutinized and questioned Wells' manner of inspecting the jails and his evaluation of the need for improvement. Such intrusions and second guessing in the decision making process of state officials is offensive to the Eleventh Amendment. The observations of the *Bush* Court are pertinent in this regard:

> If the Commission on Jail Standards is not doing enough to carry out the State's policy of reforming its County jails, the remedy must be sought in one of the three branches of the government of Texas. If any of the county jails are operating in violation of federal law, the remedy can be sought in a federal suit against the officials whom the state has designated to operate those facilities. Section 1983, however, cannot be used as a lash for whipping state governments into faster action on reform programs that, however desirable, are not required by federal law. Neither this nor any other federal court is authorized to step outside the limits of Article III and enlist itself in such well meaning assaults on the states and their people.

Accordingly, defendants' Supplemental Motion to Dismiss (Document No. 800) is hereby GRANTED. Plaintiffs' Motion for Judicial Notice (Document No. 801) is hereby DENIED AS MOOT.

IT IS SO ORDERED.