Scott William SWOBODA, Plaintiff,

v.

Jerry K. DUBACH, et al., Defendants.

No. 90–3550–S.

United States District Court,
D. Kansas.

March 30, 1992.

Scott William Swoboda, pro se.

Terry D. Hamblin, Office of Atty. Gen., Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff complains of the conditions of his confinement in the Doniphan County Jail as a pre-trial detainee and after his conviction, and alleges the

conditions violate several constitutional guarantees. He also complains that the Sheriff of Doniphan County inflicted cruel and unusual punishment in arresting plaintiff. Plaintiff names a number of Doniphan County defendants who are involved in the operation of the jail. He also names the members of the Doniphan County Board of Commissioners, and several state officials that plaintiff argues are responsible for investigating and overseeing jail conditions in the state. Plaintiff seeks damages, declaratory judgment, and injunctive relief.[1]

■ As ordered by the court, Doniphan County defendants prepared a comprehensive and thorough *Martinez* investigatory report regarding the conditions at the Doniphan County Jail. All defendants have filed motions to dismiss. Having reviewed the record, the court finds plaintiff is not entitled to the relief requested, and that dismissal of the action is appropriate for failure to state a claim upon which relief can be granted under § 1983.[2] Fed. R.Civ.P. 12(b)(6).

The court has considered plaintiff's numerous complaints against the Doniphan County Jail and finds plaintiff's allegations, taken separately or as a whole, do not state a claim upon which relief under § 1983 can be granted against defendants in their official or individual capacities.

■ Plaintiff fails to demonstrate that he was personally impacted by many of the challenged conditions. For instance, plaintiff complains of the medical care withheld from inmates in drug withdrawal, but makes no claim that he needed and was denied such medical care. Plaintiff is not entitled to proceed on such claims. *See Foremaster v. City of St. George*, 882 F.2d

1485, 1487 (10th Cir.1989) *cert. denied,* 495 U.S. 910, 110 S.Ct. 1937, 109 L.Ed.2d 300 (1990) (plaintiff must establish personal stake in outcome); *Darring v. Kincheloe,* 783 F.2d 874 (9th Cir.1986) (no standing to assert constitutional rights of other inmates).

■ Plaintiff also relies too heavily on a jail inspection report which indicates that the Doniphan County Jail is unsatisfactory in a number of the categories. Significantly, almost all of the categories found to be unsatisfactory do not relate to plaintiff's specific complaints about the conditions. Although the inspection report reflects that improvements may be needed at the facility, the court finds the report does not demonstrate that the conditions at the Doniphan County Jail were so deficient or severe during plaintiff's confinement as to constitute cruel and unusual punishment, or to constitute punishment during plaintiff's pre-trial confinement. Generally, the court finds plaintiff's complaints more often indicate how jail conditions could be improved, such as providing better food and better reading materials, rather than demonstrate that required services and provisions were denied. The court also rejects plaintiff's bald and conclusory claims regarding jail staff having sex on the premises.

■ The court finds no merit to plaintiff's claim that plaintiff, when arrested, was assaulted by the Sheriff and that excessive force was used. Plaintiff unreasonably and tenaciously relies on a statement in the Sheriff's answer in a state court proceeding which reads that the defendant [Sheriff] was in a drugged and drunken craze when plaintiff was arrested. Given the affidavits provided by others present

---

1. Plaintiff was arrested and placed in the Doniphan County Jail on March 2, 1990; convicted April 3, 1990; sentenced May 8, 1990; and then transferred to Lansing Correctional Facility June 13, 1990, to serve his sentence. His request for injunctive relief is now moot because plaintiff is no longer incarcerated at the Doniphan County Jail. *See Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950–51, 23 L.Ed.2d 491 (1969) (issue moot when parties lack legally cognizable interest in outcome);

*Martin v. Sargent,* 780 F.2d 1334 (8th Cir.1985) (claim for injunctive relief moot if no longer subject to conditions).

2. Because the court herein dismisses plaintiff's § 1983 claims, and because no other independent basis for federal jurisdiction exists, the court does not exercise pendent jurisdiction over plaintiff's state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

during the arrest, and given the Sheriff's amended answer filed in that case, this court accepts the Sheriff's explanation that the statement erroneously switched the terms "plaintiff" and "defendant," and that the plaintiff was the individual under the influence of alcohol or drugs when the arrest was made. The court finds no claim of constitutional dimension is presented in plaintiff's allegations. At most, plaintiff asserts a cause of action under state law.

Given the above findings and conclusions, it is not necessary for the court to address defendants' claims that they are entitled to qualified immunity, or that plaintiff cannot establish liability through the public purse strings and state jail inspection program[3] against defendant state officials and county commissioners.

IT IS THEREFORE ORDERED that this action is dismissed for failing to state a claim upon which relief can be granted.

---

**3.** For comparison, see *Reid v. Kayye,* 885 F.2d 129, 132 (4th Cir.1989) (supervisory liability does not extend to state officials responsible for inspecting jails), relying on *Bush v. Viterna,* 795 F.2d 1203 (5th Cir.1986) (state commission on jail standards not vicariously liable under § 1983 for acts of county officials in maintenance of jails); *Balli v. Haynes,* 804 F.2d 306 (5th Cir.1986) (violation of state jail standards is not per se violation of federal constitution); *Ortiz v. Turner,* 651 F.Supp. 309, 312 (S.D.Ill 1987) (§ 1983 not to be used to force state jail reform which is not required under federal law).