**Elizabeth DUGAS**

v.

**JEFFERSON COUNTY, et al.**

No. 1:95–CV–437.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 15, 1995.

---

---

Patricia A. Stone, Stone & Stone, Beaumont, TX, Donald E. Sample, Sample and Sample, Beaumont, TX, for plaintiff.

John G. Bissell, Strong Pipkin Nelson & Bissell, Beaumont, TX, for defendants.

### *MEMORANDUM REGARDING PLAINTIFF'S MOTION TO REMAND*

HINES, United States Magistrate Judge.

### I. Background

This lawsuit arises from events occurring after plaintiff voluntarily surrendered in response to an arrest warrant issued in Jefferson County, Texas. Plaintiff alleges that when she turned herself in on a charge of telephone harassment, she was "booked" and told to pay bail of $75. After complying, she was not released, she alleges, but instead told to wait in a waiting room for visitors. She was then taken back into custody and strip searched. Plaintiff, who was pregnant at the time, later suffered the loss of her child, an injury which she attributes to defendants' actions. Plaintiff's Original Petition in State Court at 2–3.

Defendants, Jefferson County and Eric R. Payne, a sheriff's deputy, deny that plaintiff was detained, but do not have sufficient information to admit or deny whether she was strip searched. Defendant Jefferson County's Original Answer in Federal Court at 2; Eric R. Payne's Original Answer in Federal Court at 2.

### II. Proceedings

■ The case was removed in accordance with 28 U.S.C. §§ 1441, 1446 from the District Court of Jefferson County by notice of removal filed July 19, 1995.[1] Plaintiff timely filed this motion to remand under 28 U.S.C. § 1447(c) within thirty days of the notice of removal.

■ The motion was referred to the undersigned by order of United States District Judge Thad Heartfield dated August 27, 1995 for determination.[2]

### III. Grounds Asserted

Plaintiff asserts that remand is appropriate because the county is an instrumentality of the state fulfilling a state function and is therefore immune from suit, that remand will avoid the need for multiple trials, and that remand is required because there is not complete diversity among the parties.

### IV. Discussion and Analysis

#### A. Eleventh Amendment

■ It is a general, long-standing principle of Eleventh Amendment jurisprudence that the bar to suit in federal court does not extend to counties. *See, e.g., Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *Lincoln County v. Luning*, 133 U.S. 529, 530, 10 S.Ct. 363, 363, 33 L.Ed. 766 (1890); *Harris v. Angelina County*, 31 F.3d 331, 338 n. 7 (5th Cir.1994). This general principle is operable when county employees are performing functions which typically are viewed as resting within the county's power.

---

1. The underlying public policy behind the removal statute is to prevent defendants from being subject to any prejudice that exists in local courts. *Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 341, 96 S.Ct. 584, 588, 46 L.Ed.2d 542 (1976); 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3721 (Supp.1995). It is not readily apparent why Jefferson County and its employees would fear prejudice within a Jefferson County court. However, plaintiffs have not moved to remand on the basis that no local prejudice can be demonstrated; nor is such assertion a valid basis to oppose removal.

2. A motion to remand is not a dispositive motion and, consequently, may be referred to a United States magistrate judge for determination. *See Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc.*, 844 F.Supp. 1156 (S.D.Tex. 1994); *City of Jackson v. Lakeland Lounge*, 147 F.R.D. 122 (S.D.Miss.1993).

*Moore v. Tangipahoa Parish Sch. Bd.,* 594 F.2d 489, 493 (5th Cir.1979).

■ When the county is performing what is in reality a state function, the Eleventh Amendment again becomes operable. A function is considered a state function when the activity in question is not locally controlled or when funds to defray damage awards in suits brought against the county for harms suffered as a result of the county's engaging in that activity are supplied in large part by the state. *Moore,* 594 F.2d at 493.

■ A county employee may be engaged in a county function despite some involvement or control by the state. In *Crane v. Texas,* 766 F.2d 193 (5th Cir.), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985), for example, a county district attorney was found to be a county employee engaged in county functions even though the state retained indirect control over the office (such as the ability to appoint an interim successor in the event of a vacancy, the ability to discipline the district attorney, and the power to require the district attorney to make reports to the state attorney general upon request). *Id.* at 194. Decisive to the court were the local aspects of the position, which were clearly more significant than the state's control: election by the voters of the county, limitation on the exercise of powers to the county's borders, and payment by the county of the district attorney's salary. *Id.*

■ The running of a county jail is generally considered a county function, notwithstanding some degree of state involvement. *See, e.g., Balli v. Haynes,* 804 F.2d 306 (5th Cir.1986); *Bush v. Viterna,* 795 F.2d 1203 (5th Cir.1986); *Valles v. Texas Comm'n on Jail Standards,* 845 S.W.2d 284 (Ct.App.— Austin 1992); *cf. Parker v. Williams,* 862 F.2d 1471 (11th Cir.1989); *Dotson v. Chester,* 937 F.2d 920 (4th Cir.1991). The establishment and operation of county jails by county officials is governed by statute in Texas. Tex.Loc.Gov't Code Ann. §§ 351.001–.044 (Vernon 1988). For example, the sheriff of each county is designated the "keeper" of the county jail. *Id.* § 351.041(a).

Certain cases from this circuit do recognize the possibility of significant state contribution to unconstitutional conditions in county jails. For example, in causes of action premised on overcrowded conditions at a county jail, this circuit has recognized that the condition may be the result of a combination of both county and state forces: the presence of both pretrial detainees and "paper ready" convicted felons awaiting transfer into state correctional facilities. Yet even in these cases, where state involvement is significant, this circuit recognizes a cause of action against the county in federal court. *See, e.g., Alberti v. Klevenhagen,* 46 F.3d 1347 (5th Cir.1995); *Harris v. Angelina County,* 31 F.3d 331 (5th Cir.1994).

■ The complaint in the instant case does not reflect any significant state participation in the unconstitutional act. Plaintiff complains of actions taken against her by county officials before she ever had a trial, and before she was even officially detained. Under these circumstances, there can be no question that the county may be sued under 42 U.S.C. § 1983 in federal court without Eleventh Amendment concern. *Cf. Rhyne v. Henderson County,* 973 F.2d 386 (5th Cir. 1992) (suit by parent against county under 42 U.S.C. § 1983 for suicide death of son while held in county jail before trial).

■ For these reasons, Jefferson County is not immune from suit under the Eleventh Amendment.[3]

**B. Multiplicity of Trials**

■ Plaintiff next asserts that the cause of action against all parties should be remanded

---

**3.** Were the running of a county jail a state function, plaintiff's Eleventh Amendment arguments might have merit. Although states waive their Eleventh Amendment immunities through the adoption of the Fourteenth Amendment with respect to claims brought under certain civil rights statutes, "neither the statutory language nor legislative history of section 1983 evinces a sufficient, express congressional intention to override the traditional immunities of the states to allow private damages actions against states and their officials pursuant to that statute." *Familias Unidas v. Briscoe,* 619 F.2d 391, 405 (5th Cir.1980); *see also Quern v. Jordan,* 440 U.S. 332, 339–45, 99 S.Ct. 1139, 1144–47, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 675–78, 94 S.Ct. 1347, 1362–63, 39 L.Ed.2d 662 (1974).

255

to avoid multiple trials. Since, as discussed above, suit may be maintained against the county in a federal district court, all defendants are subject to the jurisdiction of the federal district courts on the federal questions asserted in the complaint. In addition, there is no indication at this point that the federal district judge assigned to this case will refuse to entertain the state law claims under the court's supplemental jurisdiction. 28 U.S.C. §§ 1367(a), 1441(c). Plaintiff has therefore failed to show that the removal renders it unlikely that all causes of action will proceed as one.

## C. Lack of Diversity

Plaintiff finally claims that remand is proper because complete diversity does not exist among the parties. While true, this has no bearing on whether this particular remand motion should be granted. This court has subject matter jurisdiction of this controversy because it is premised upon 42 U.S.C. § 1983. Original jurisdiction is in the United States district courts. 28 U.S.C. § 1343. Further, federal district court jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

An order will be entered separately.