**John CAMPBELL, Plaintiff-Appellee,**

v.

**James COOK, Thomas Heggy and Lloyd Grambling, Defendants-Appellants.**

No. 82–1777.

United States Court of Appeals,
Tenth Circuit.

May 18, 1983.

Rehearing Denied July 15, 1983.

Patrick H. Lavelle, Oklahoma City, Okl., for plaintiff-appellee.

Walter M. Powell, Municipal Counselor and Daniel T. Brummitt, Asst. Municipal Counselor, Oklahoma City, Okl., for defendants-appellants.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

James Cook, Thomas Heggy, and Lloyd Grambling (appellants), defendants below, appeal from a judgment denying their motion filed pursuant to 42 U.S.C.A. § 1988 to set a reasonable attorney's fee to be taxed as costs against John Campbell (Campbell), plaintiff below. At all times relevant hereto Campbell, a black, was a sergeant in the Oklahoma City police department, Cook was the city manager of Oklahoma City, and Heggy and Grambling were, respectively, the police chief and assistant police chief of Oklahoma City.

During the latter part of 1979 and early 1980 Campbell, in addition to his duties as a sergeant for the Oklahoma City police department, worked on an off duty basis in providing security for a number of apartment complexes owned by Champion Financial Corp. (Champion). In so doing, Campbell employed a number of junior officers employed by the police department to provide on-site security for the apartment complexes for which the officers would receive free housing at the apartment.

In hiring the junior officers, Campbell requested, and received, a fee of $50 or $75 from the officers which Campbell stated would be paid to Champion for processing their applications and for apartment preparations. When several officers questioned Champion as to the necessity of the fee, they were informed that Champion had not required such a fee and that Campbell had not been authorized to charge a fee. Several officers thereafter filed complaints against Campbell with the Oklahoma City police department alleging that Campbell had violated the police code of ethics.

After an initial, routine review by the internal affairs section of the police department, and a hearing before the police disciplinary review board (board), the board determined that: Campbell had acquired money from junior officers under false pretenses; Campbell had conducted his private security business while on duty and had used police department property and equipment in the process. The board recommended that Campbell be demoted to patrolman and placed on one year's probation. This recommendation was forwarded to Heggy as police chief. Heggy accepted the recommendation and ordered Campbell demoted.

Campbell subsequently appealed the board's decision to the city personnel grievance committee. After a hearing, the committee determined that although Campbell had made certain misrepresentations to the junior officers, the board's proposed demotion and one year's probation was too severe. The committee, accordingly, recommended that Campbell retain the rank of sergeant but at a lower pay grade. This recommendation was sent to Cook as city manager, who ordered that Campbell be reinstated to the rank of sergeant at a lower pay grade.

Thereafter, Campbell brought an action under 42 U.S.C.A. § 1983 against appellants alleging that the disciplinary action taken against him was predicated solely on the basis of his race. In accordance with 51 O.S.A. § 162,[1] the municipal counselor of Oklahoma City entered an appearance on behalf of appellants and assumed their defense. The case was tried to a jury during the course of which Campbell testified that he felt he had been discriminated against. Campbell acknowledged that he had obtained a fee from several junior officers by misrepresentation and that he had utilized city equipment and property while on duty to conduct his private security business. After brief deliberations the jury returned a unanimous verdict in favor of appellants. After the verdict was returned, the district court observed that the action was totally without merit and that it should never have been pursued. Within its judgment the district court stated:

> It is Ordered and Adjudged that the plaintiff take nothing, that judgment is rendered in favor of the defendants on the merits, and that defendants recover of the plaintiff their costs of action, the amount of which to be determined by the Court at a later date.

[R., Vol. I at p. 41].

Appellants thereafter moved for attorney fees. The motion stated, *inter alia:*

> COMES NOW the defendants, James Cook, Tom Heggy and Lloyd Grambling,

---

1. 51 O.S.A. § 162 provides in part:

   A. A political subdivision, subject to procedure requirements imposed by statute, ordinance, resolution or written policy, shall:

   1. Provide a defense for any employee when liability is sought for any violation of property rights or any rights, privileges or immunities secured by the Constitution or laws of the United States when alleged to have been committed by the employee while acting within the scope of employment; ....

by and through their attorney of record, Daniel T. Brummitt, Assistant Municipal Counselor, and respectfully move this Honorable Court, pursuant to 42 U.S.C. § 1988, to set a reasonable attorney's fee to be taxed as costs against the plaintiff, John Campbell, and to be paid to The City of Oklahoma City as indemnitor to the named defendants herein.

The defendants are the prevailing parties in this litigation by way of jury verdict rendered on April 22, 1981 and are therefore entitled to reasonable attorney's fees as a part of the taxable costs of this action.

\* \* \* \* \* \*

WHEREFORE, defendants pray that the Court examine the documents filed in support of this motion and set a reasonable attorney's fee in the amount of $1850.00 to be taxed as costs against the plaintiff John Campbell to be paid to The City of Oklahoma City along with such other relief as the Court deems just and proper.

[R., Vol. I at p. 42].

The district court overruled appellants' motion, finding:

The Motion To Set Reasonable Attorney Fees by the Defendant in the above styled case is hereby overruled. Even though the trial judge considered the suit of the Plaintiff frivolous, the City of Oklahoma City was not a party in interest and Title 51 Section 162 of the Oklahoma Statutes had no application in this matter.

[R., Vol. I at p. 55].

On appeal appellants contend that the City of Oklahoma City as the statutory indemnitor of the appellants may recover reasonable attorney's fees taxed as costs under 42 U.S.C.A. § 1988 where they were the prevailing defendants in a 42 U.S.C.A. § 1983 action in which the court specifically found the action to be frivolous.

Within his response Campbell contends that: the award of attorney fees is totally within the discretion of the court; the City of Oklahoma City was not a party to the action, did not seek to become a party by intervention and, accordingly, is not allowed to recover attorney fees; and, since he received a notice of a right to sue from the Justice Department, if his suit was groundless or frivolous, the United States is responsible for the payment of any attorney fees to appellants.

■ Under 42 U.S.C.A. § 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." A prevailing defendant, however, may be awarded attorney fees only when the plaintiff's underlying claim is "frivolous, unreasonable, or groundless." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Glass v. Pfeffer,* 657 F.2d 252 (10th Cir. 1981); *Prochaska v. Marcoux,* 632 F.2d 848 (10th Cir.1980), *cert. denied* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981).

This standard was repronounced in *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) in which the court, citing to *Christiansburg, supra,* opined:

To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

449 U.S. at pp. 14–15, 101 S.Ct. at p. 178.

■ Once a determination has been made that a defendant, as a prevailing party, is entitled to attorney fees, the fact that his legal representation was undertaken by a public service firm or association is irrelevant. *Love v. Mayor, City of Cheyenne, Wyoming,* 620 F.2d 235 (10th Cir.1980); *Watkins v. Mobile Housing Board,* 632 F.2d 565 (5th Cir.1980); *Leeds v. Watson,* 630 F.2d 674 (9th Cir.1980); *Brown v. Stanton,* 617 F.2d 1224 (7th Cir.1980).

It is uncontested that appellants were the prevailing parties herein and that the district court considered Campbell's suit frivolous. Under such circumstances we hold the district court erred in overruling appellants' motion for attorney fees. The fact that appellants' motion requested that the attorney's fee be paid to the City of Oklahoma City is of no moment, when, as here, appellants properly moved for attorney fees as prevailing parties in an action found to be frivolous.

Upon remand, the district court shall review appellants' request for attorney fees to determine their reasonableness. *Higgins v. State of Oklahoma, et al.,* 642 F.2d 1199 (10th Cir.1981). The fees to be awarded appellants must be in line with those traditionally received from fee paying clients, *Gurule v. Wilson,* 635 F.2d 782 (10th Cir. 1980), and should not be lower than those customarily paid to private practitioners. *Dennis v. Chang,* 611 F.2d 1302 (9th Cir. 1980).

The parties shall pay their respective costs and attorney fees on this appeal.

REVERSED AND REMANDED for further proceedings consistent with the views expressed herein.