727 F.2d 947
 Ike SHAW, Jr., Plaintiff-Appellant,
v.
Richard NEECE, individually and as a former employee of the
City of Colorado Springs, Defendant,
Darrell R. Barnes, individually and as Safety Director for
the City of Colorado Springs; Jay D. Cameron, individually
and as Safety Administrator; Eldon Martin, individually and
as Safety Representative for the City of Colorado Springs;
the City of Colorado Springs, a Municipal Corporation,
Defendants-Appellees.
 Nos. 82-2210, 83-1085.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 10, 1984.
 
 Jack Kintzele, Denver, Colo., for plaintiff-appellant.
 Michael J. Heydt, Deputy City Atty., Colorado Springs, Colo. (James G. Colvin II, City Atty., and Jackson L. Smith, Asst. City Atty., Colorado Springs, Colo., with him on the briefs), for defendants-appellees.
 Before SETH, Chief Judge, BARRETT, Circuit Judge, and JENKINS*, District Judge.
 BARRETT, Circuit Judge.
 
 
 1
 The plaintiff, Ike Shaw, Jr. (Shaw), appeals from two orders issued by the district court: (1) an order granting the defendant-appellees' (appellees) motion to dismiss; and (2) an order awarding the appellees attorney's fees in the amount of $1,875.00. Shaw brought this civil action against the appellees (current and former employees of the City of Colorado Springs, and the City of Colorado Springs) asserting violations of the fifth and fourteenth amendments to the United States Constitution, 42 U.S.C. Sec. 1983 and 18 U.S.C. Secs. 241, 242 and 1503. Shaw also claimed the appellees committed the tort of intentional infliction of emotional distress. Finally, Shaw sought attorney's fees pursuant to 42 U.S.C. Sec. 1988.
 
 
 2
 On May 19, 1981, Shaw was employed by Appellee City of Colorado Springs as a street maintenance worker. On that date, Shaw was seriously injured after being run over by a city-owned dump truck while apparently lying in the street to "eyeball" a pothole. The dump truck, operated by Appellee Neece, was not equipped with a back-up warning beeper. Shaw subsequently brought suit against General Motors (Ike Shaw, Jr. v. General Motors Corp., Civil Action No. 82-F-256), seeking damages for his injuries sustained in the accident. In the General Motors case, the parties dispute (1) whether the truck rolled backwards accidentally or whether it was in reverse gear, and (2) the distance the truck traveled before it ran over Shaw.
 
 
 3
 Shaw alleges that, during his preparation for the General Motors case, the appellees "lied" to him, failed to cooperate with him and attempted to suppress evidence. Shaw claims this conduct by the appellees impaired his constitutional right of access to the United States courts. The "lies" referred to by Shaw concern a factual dispute between the parties regarding the accident in question. Shaw also contends that the appellees failed to cooperate adequately with his pretrial investigation.
 
 
 4
 After the accident, Shaw's counsel employed a paralegal to investigate the facts. The paralegal conducted interviews and attempted to have the four individual appellees sign various statements she had prepared. The appellees refused to sign the statements under advice of the City Attorney. This lawsuit was instituted essentially because the appellees did not cooperate with the paralegal's investigation to Shaw's satisfaction. Shaw also argues that his access to the courts has been chilled because Appellee City of Colorado Springs wrongfully attempted to destroy the dump truck involved in the accident, informed him that his worker's compensation benefits would be terminated within the year and that Appellee Barnes "threatened" him by stating that if he filed suit against GM, he would have to pay back all of his worker's compensation benefits.
 
 
 5
 The appellees respond that the claims and allegations by Shaw are specious, frivolous and without foundation in fact or law. They urge that Shaw's allegations must be dismissed as a matter of law because they fail to state a claim upon which relief can be granted. The district court agreed and dismissed the cause stating that "this controversy is an attempt to inflate an otherwise justifiable controversy beyond the bounds of law or reason in a frivolous and overzealous attempt to secure a claim against those who may be protected from personal injury suits by state law." [R., Vol. I at 70]. We agree and will, therefore, affirm both orders. Further, we hold that the appellees are entitled to reasonable attorney's fees on this appeal.
 
 
 6
 In any section 1983 action, two essential elements must be established initially: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). See also Gomez v. Toledo, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980). Although Shaw established the first element, he did not establish a violation of federal rights. Clearly, access to the courts of the United States is a guaranteed constitutional right. Silver v. Cormier, 529 F.2d 161, 163 (10th Cir.1976). However, we agree with the district court that no merit exists in Shaw's claim of an impairment of access to the courts. Shaw was not impeded in any way in bringing the personal injury action against GM. The appellees were not obligated to sign the investigator-prepared statements, and the letter regarding the reimbursement and nonreceipt of worker's compensation benefits is a true statement of municipal policy and state law--worker's compensation benefits are paid only for a one-year period after an accident and if Shaw's suit against GM were successful, he would have to reimburse the state for the original benefits he received. Further, Shaw's allegation that the appellees "lied" is totally without merit under section 1983; the parties merely dispute a fact in issue.
 
 
 7
 We further hold that the claim against Appellee City of Colorado Springs was properly dismissed because the alleged conduct by the individual appellees is not part of an established city policy or custom. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978) (court held that there is no respondeat superior liability under section 1983 in the municipality-employee context). Further, punitive damages may not be imposed against a municipality under section 1983. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). Finally, Shaw's claims under 18 U.S.C. Secs. 241, 242 and 1503 were properly dismissed because a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. See Fiorino v. Turner, 476 F.Supp. 962, 963 (D.Mass.1979); United States ex rel. Savage v. Arnold, 403 F.Supp. 172, 173 n. 1 (E.D.Pa.1975).
 
 
 8
 Our final concern is whether attorney's fees were properly awarded pursuant to 42 U.S.C. Sec. 1988. See Maine v. Thiboutot, 448 U.S. 1, 9, 100 S.Ct. 2502, 2506, 65 L.Ed.2d 555 (1980) (section 1988 allows attorney's fees for actions brought under section 1983). A district court has discretion to award a defendant attorney's fees if the plaintiff's action is determined to be "frivolous, unreasonable, or without foundation." Prochaska v. Marcoux, 632 F.2d 848, 853-54 (10th Cir.1980), cert. denied, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981) [citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ]. Because we agree that this is an unreasonable, frivolous action brought under section 1983, we hold that the district court did not abuse its discretion by awarding the appellees attorney's fees. Further, the amount of attorney's fees awarded to the appellees by the district court was reasonable; thus, the court did not abuse its discretion. See generally Gurule v. Wilson, 635 F.2d 782, 792-94 (10th Cir.1980); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-20 (5th Cir.1974).
 
 
 9
 Finally, we hold that the appellees are entitled to reasonable attorney's fees for services rendered on this appeal. See Gurule v. Wilson, supra at 792 [citing Love v. Mayor of Cheyenne, 620 F.2d 235, 237 (10th Cir.1980) ]. We, therefore, remand the cause to the district court to set an appropriate fee.
 
 
 10
 AFFIRMED AND REMANDED.
 
 
 
 *
 Honorable Bruce S. Jenkins, District Judge, Salt Lake City, Utah, sitting by designation