888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Allen TRIBBLE, Jr., Plaintiff-Appellant,
v.
Marjorie Gail REEDY, Dotty Jean Cannon, Defendants-Appellees.
 No. 89-6781.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1989.
Decided Oct. 20, 1989.
Rehearing Denied Nov. 24, 1989.
 
 Robert Allen Tribble, Jr., appellant pro se.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Allen Tribble, Jr., seeks damages for deprivation of due process and equal protection caused by the defendants' alleged violations of 18 U.S.C. Secs. 241, 1341 and 1343. He brings his claims under 28 U.S.C. Sec. 1331, asserting that they arise under the Constitution and laws of the United States. The district court treated his claims as brought under 42 U.S.C. Sec. 1983 and summarily dismissed the case. We affirm, but on different grounds.
 
 
 2
 Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. Shaw v. Neece, 727 F.2d 947 (10th Cir.), cert. denied, 466 U.S. 976 (1984) (damages sought for violation of 18 U.S.C. Sec. 241); Creech v. Federal Land Bank of Wichita, 647 F.Supp. 1097 (D.Colo.1986) (citing Ryan v. Ohio Edison Co., 611 F.2d 1170 (6th Cir.1979)) (damages sought for violation of Sec. 1341); Bell v. Health-Mor, Inc., 549 F.2d 342 (5th Cir.1977) (Sec. 1341). Like Sec. 1341, Sec. 1343 is a "bare criminal statute" which gives no express indication of Congressional intent to create a civil remedy. The legislative history of the statute does not provide any basis for inferring a private right of action. See H.R.Rep. No. 1750, 82nd Cong., 2d Sess. 2, reprinted in 1952 U.S.Code Cong. & Ad.News 2234, 2264-65; H.R.Rep. 2385, 84th Cong., 2d Sess. 2, reprinted in U.S.Code Cong. & Ad.News 3091. See also Federal Savings & Loan Insurance Corporation v. Reeves, 816 F.2d 130, 137-38 (4th Cir.1987) (no civil cause of action where no affirmative indication that Congress intended statute to furnish civil remedy).
 
 
 3
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 4
 AFFIRMED.