968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank E. MARLEY, Jr., Plaintiff-Appellee,
v.
Thornton WRIGHT, Jr., David M. Harbour, Kim Fowler, Defendants,
and
Richard L. Hull, Defendant-Appellant.
 No. 91-6270.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Richard L. Hull appeals from an order of the district court denying his motion for attorney's fees, costs, and sanctions under Rule 11 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1988, or the district court's inherent power. We affirm.
 
 
 3
 Plaintiff-appellee Frank E. Marley, Jr., an attorney who is proceeding pro se, commenced a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Thornton Wright, Jr. and David M. Harbour, Oklahoma state court judges, Defendant Kim Fowler, a court reporter, and Hull, an attorney who represented Marley's former wife, alleging deprivation of his due process and equal protection rights and a conspiracy by Defendants. Wright, Harbour, and Fowler moved to dismiss the Amended Complaint. The district court granted the motion on the ground that these Defendants are absolutely immune. Hull also filed an alternative motion to dismiss, for judgment on the pleadings, or for summary judgment. The district court granted the motion to dismiss. The district court sua sponte issued an Order to Show Cause Why Sanctions Should Not Be Imposed upon Marley for suing Wright, Harbour, and Fowler. Subsequently, Hull filed an Application for Attorney Fees, Costs, and Sanctions Pursuant to Rule 11, Federal Rules of Civil Procedure and § 1988 and the inherent power of the district court. The district court granted Rule 11 sanctions in favor of Wright, Harbour, and Fowler.
 
 
 4
 The district court, however, denied Hull's motion. In doing so, the district court determined that it could not conclude that Marley's claim against Hull was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Even though Marley's claims did not survive Hull's motion to dismiss, the court refused to find that Marley's claim was frivolous, unreasonable, or groundless. Rather, the district court dismissed the claim of conspiracy between Hull and the other Defendants on the ground that Marley's complaint did not allege conspiracy with specific facts.
 
 
 5
 Hull appeals the denial of his motion. He first argues that the district court erred in denying Rule 11 sanctions because Marley filed this action for an improper purpose and the action is frivolous. Marley has not filed a brief on appeal responding to these arguments.
 
 
 6
 In reviewing all aspects of a district court's Rule 11 determination, this court applies an abuse of discretion standard. Under this standard, reversal would be appropriate only if a district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."
 
 
 7
 Hughes v. City of Fort Collins, 926 F.2d 986, 988 (10th Cir.1991) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 2461 (1990)). Because the district court is familiar with the issues and litigants, it is better able to apply the fact-based legal standard of Rule 11, Cooter & Gell, 110 S.Ct. at 2459, and to determine when a sanction is warranted, id. at 2460. We may not second guess the district court's determinations. Hughes, 926 F.2d at 989.
 
 
 8
 Under Rule 11, the signer of a pleading certifies that he has conducted a reasonable inquiry into the factual and legal basis for the filing, and that the substance of the pleading is well grounded in fact and law. Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992). The district court applies an objective standard in making its Rule 11 determinations and considers whether a reasonable and competent attorney would believe in the merits of an argument. Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1155 (10th Cir.1991).
 
 
 9
 Under the circumstances of this case, and in light of the clear standard for review set forth in Cooter & Gell, 110 S.Ct. 2447, we cannot conclude the district court abused its discretion in refusing to impose Rule 11 sanctions. "While we are sympathetic with the burdens this litigation has imposed on [Hull], we are not the district court, and we cannot reverse that court simply because, had we been the triers of fact, we might have decided the case differently." Hughes, 926 F.2d at 989.
 
 
 10
 Hull also argues that the district court erred in failing to award him attorney's fees pursuant to § 1988. Because Marley did not plead any factual specifics of a conspiracy between Hull and the other Defendants, Hull maintains Marley did not establish the substantial nexus or entanglement between the Defendants necessary for a § 1983 claim.
 
 
 11
 Under § 1988, the district court in its discretion may allow the prevailing party a reasonable attorney's fee only when the plaintiff's underlying claim is frivolous, unreasonable, or groundless. Campbell v. Cook, 706 F.2d 1084, 1086 (10th Cir.1983). The district court errs in not awarding an attorney's fee on a prevailing party's motion when the district court decides the action is frivolous. Id. at 1087. Because the district court did not decide Marley's action was frivolous, groundless, or unreasonable, and we do not conclude the district court erred in not making such a finding, the district court did not abuse its discretion in denying attorney's fees pursuant to § 1988.
 
 
 12
 Finally, Hull argues the district court erred in not granting attorney's fees or sanctions pursuant to its inherent power. It is settled that federal courts have the inherent power to tax counsel fees or sanction litigants for abusive litigation. Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2128 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67 (1980). The court's inherent power, however, must be exercised with restraint and discretion. Chambers, 111 S.Ct. at 2132. We again conclude the district court did not abuse its discretion in failing to award attorney's fees or sanctions to Hull pursuant to its inherent power. See Shaw v. Neece, 727 F.2d 947, 949 (10th Cir.), cert. denied, 466 U.S. 976 (1984).
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 14
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3