19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 F.E. Buck COOK, Plaintiff-Appellant,
v.
Larry SILVERS, Sheriff; Craig D. Corgan, D.A., Washington
County Sheriff's Dept., Defendants-Appellees.
 Nos. 93-5016, 93-5033.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1994.
 
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant F.E. Buck Cook, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. Sec. 1983, alleging violation of various constitutional rights in connection with a burglary of his residence, an alleged assault, and the conditions of his subsequent confinement in the Washington County jail. In his complaint, Cook alleged 1) defendants failed to prosecute the persons responsible for the burglary, recover his property, or order restitution, 2) defendants failed to arrest the individual who assaulted him, and 3) fifteen specific conditions or incidents at the Washington County jail which resulted in cruel and unusual punishment and discrimination.
 
 
 3
 The district court ordered that a special report be prepared, in accord with Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). Defendant Corgan filed a motion to dismiss the claims against him pursuant to Fed.R.Civ.P. 12(b)(6), raising an absolute immunity defense. The district court granted the motion in an order dated October 29, 1992, and, following Cook's motion to alter or amend the judgment, affirmed its immunity ruling for Corgan in an order dated November 23, 1992. The remaining defendants, Silver and the Washington County Sheriff's Department, moved for summary judgment, based on the special report. Cook responded, both to the motion and the special report. The district court granted the motion for summary judgment in an order dated January 12, 1993. Cook now appeals.
 
 
 4
 We review the district court's dismissal of the claims against Corgan and its grant of summary judgment for the remaining defendants under slightly different standards. First, we examine de novo the dismissal under Rule 12(b)(6), restricting our review to Cook's complaint, and accepting the well-pleaded allegations therein as true. See Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993); Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991). "We will uphold a dismissal [under Rule 12(b)(6) ] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).
 
 
 5
 We also review the summary judgment ruling de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). However, "[s]ummary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). While we must view the record in a light most favorable to Cook, see Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991), he may not rest on his pleadings. He must come forward with evidence that demonstrates the existence of a genuine and material factual issue for trial. See Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991).
 
 
 6
 Additionally, because Cook filed his complaint pro se, and continues pro se on appeal, we interpret his pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.1992).
 
 
 7
 Applying these standards, we agree with the district court that the claims against Corgan were properly dismissed in light of his absolute prosecutorial immunity. See Meade v. Grubbs, 841 F.2d 1512, 1532 (10th Cir.1988).
 
 
 8
 We also agree with the district court's analysis of Cook's claims against the remaining defendants in connection with the burglary and alleged assault. Cook stated in his complaint that the burglary was reported to the Dewey Police Department. He complained, nonetheless, that defendants Silvers and the Washington County Sheriff's Department made no attempt to arrest the perpetrators. The district court noted that defendants Silvers and the Washington County Sheriff's Department were not involved in the investigation of the burglary, the decision to prosecute, or the determination of restitution. The court determined that the undisputed facts showed that there was no personal participation by the named defendants.
 
 
 9
 Similarly, Cook alleged that he was assaulted upon leaving a hearing at the Washington County Courthouse, and complained that members of the sheriff's department failed to arrest the perpetrator. The district court held that the undisputed facts showed that Cook was not in police custody at the time. The court determined that the defendants did not have a duty to protect Cook under those circumstances. Because defendants Silvers and the Washington County Sheriff's department did not have a duty to act with respect to these two claims, and because Cook did not allege facts supporting a determination that any of his constitutional rights were violated by the alleged failure to act, we agree that these claims are not actionable under Sec. 1983.
 
 
 10
 Likewise, the district court properly disposed of Cook's complaints about his confinement at Washington County jail, with one exception. The district court read Cook's response to the Washington County defendants' motion for summary judgment as admitting that he had received property he earlier alleged to have been denied him. Therefore, the court dismissed this claim as moot. However, our review of the record shows that Cook did not admit to receiving the property; he stated that the property had reached the jail one day before he was transferred, he had learned about it only after his transfer, and that the property was still missing.
 
 
 11
 We need not remand for further proceedings. See Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir.1993) (appellate court can affirm for reasons other than those relied on by the district court, so long as they find support in the record). This claim does not rise to the level of a constitutional deprivation, and therefore is not cognizable under Sec. 1983. Random and unauthorized deprivation of a prisoner's property does not violate due process, so long as postdeprivation remedies are available. See Winters v. Board of County Comm'rs, 4 F.3d 848, 856-57 (10th Cir.1993) (citing Hudson v. Palmer, 468 U.S. 517, 531-33 (1984) and Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); see also Hall v. Bellmon, 935 F.2d 1106, 1113 (10th Cir.1991) (valid Sec. 1983 claim for loss of prisoner's property must include allegations of deliberate conduct) (citing Daniels, 474 U.S. at 333-34); Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir.1990) (negligent conduct does not implicate due process, therefore cannot form basis for Sec. 1983 claim). Cook has not alleged an intentional deprivation of his property, has not alleged that the deprivation was the result of prison policy, or that any of the individual defendants were involved. Additionally, postdeprivation remedies exist which, apparently, Cook has not pursued. See, e.g., Okla.Stat. tit. 12, Sec. 1571 (replevin); Okla.Stat. tit. 51, Secs. 151-171 (Governmental Tort Claims Act). Therefore, his complaint on this point does not state a claim under Sec. 1983.
 
 
 12
 Cook challenges the district court's grant of summary judgment as improperly based upon the special report, in light of his factual allegations concerning conditions at Washington County jail, and his supporting affidavits. However, Cook misunderstands the district court's ruling. While noting that Cook had presented no facts which refuted those set out in the special report, the district court acknowledged and discussed each of Cook's allegations. It ruled that Cook's allegations did not raise questions of material fact as to whether the jail conditions constituted cruel and unusual punishment. We agree. An essential element of any Sec. 1983 claim is whether the alleged conduct deprived the plaintiff of a right secured by the Constitution or the laws of the United States. Shaw v. Neece, 727 F.2d 947, 949 (10th Cir.), cert. denied, 466 U.S. 976 (1984) (citing Parratt, 451 U.S. at 535). Because Cook's complaints do not rise to the level of a constitutional deprivation, they are not actionable under Sec. 1983.
 
 
 13
 With the exception of Cook's deprivation of property claim, which we dismiss for the reasons discussed above, we affirm the district court's rulings on Cook's claims for substantially the same reasons set forth in the district court's orders dated October 29, 1992, November 23, 1992, and January 12, 1993. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470