Leanna F. YOUNG; Janet Rebecca Crisp; Paul Evington; Scott Alan Gaddy; and Rock S. Edwards, Plaintiffs,

v.

William R. ANNARINO, individually and in his official capacity as Chief of Police for the Asheville Police Department; Leroy Lunsford, individually and in his official capacity as Internal Affairs Officer for the Asheville Police Department; and The City of Asheville, Defendants.

No. Civ. 1:99CV113.

United States District Court,
W.D. North Carolina,
Asheville Division.

Oct. 24, 2000.

Michelle Rippon, Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, NC, for Plaintiffs.

Sharon Tracey Barrett, Patla, Straus, Robinson & Moore, Asheville, NC, Robert W. Oast, Jr., Asheville, NC, for Defendants.

## ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Defendants' motion pursuant to Federal Rule of Civil Procedure 54(d) for an award of attorneys' fees, costs and interest as the prevailing party. Defendants also maintain that the filing and prosecution of this action violated Federal Rule of Civil Procedure 11 and seek an award of attorneys' fees as a sanction. The Plaintiffs oppose the motion.

On June 21, 2000, the undersigned granted the Defendants' motion for summary judgment and dismissed the action. In so doing, the Court rejected the Plaintiffs' claims pursuant to 42 U.S.C. §§ 1983 and 1985, civil claims pursuant to the Racketeer Influenced and Corrupt Organization Act (RICO), and state law claims based on breach of contract, wrongful discharge, negligent supervision, defamation and willful and wanton conduct. Defendants now seek an award of attorneys' fees, claiming they are the prevailing parties, Plaintiffs' action was frivolous and the allegations were not based on existing law.

Section 1988 of Title 42, United States Code, provides in pertinent part that "[i]n any action ... to enforce a provision of section[ ] ... 1983 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). This section

> confers discretion on courts to award attorneys fees to the prevailing party in an action brought under, *inter alia*, 42 U.S.C. § 1983. When the prevailing party is the defendant, the attorneys fees should be awarded if the court finds " 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " Stated otherwise, "[t]he

plaintiff's action must be meritless in the sense that it is groundless or without foundation," but there need not be any subjective bad faith on the part of the plaintiff. *DeBauche v. Trani,* 191 F.3d 499, 510 (4th Cir.1999), *cert. denied,* 529 U.S. 1033, 120 S.Ct. 1451, 146 L.Ed.2d 337 (2000) (quoting *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978))). The parties do not dispute that the Defendants here were the prevailing parties since the action was dismissed in its entirety. Nor is there any allegation that the action was brought with subjective bad faith, such as actions brought for vindictive reasons. *See, e.g., Hutchinson v. Staton,* 994 F.2d 1076 (4th Cir.1993). The issue, then, is whether the action was "frivolous, unreasonable, or without foundation." *DeBauche, supra.* In this regard, it is noteworthy that the Defendants admit "this lawsuit involved numerous parties and ten causes of action invoking both state and federal law through novel, inventive legal theories." Motion for Allowance of Attorney's Fees, filed July 5, 2000, at 2. Novel and inventive legal theories are not frivolous as long as they support "the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2); *Legal Services of Northern California, Inc. v. Arnett,* 114 F.3d 135, 141 (9th Cir.1997) (The fact that a position is not supported by existing precedent does not make it frivolous. "It is likely that [plaintiff] was launching a good faith effort to advance a novel theory under our § 1983 jurisprudence. While we have rejected this attempt, [plaintiffs'] arguments were not wholly without merit.").

An assertion of law violates Rule 11(b)(2) when, applying a standard of objective reasonableness, it can be said that "a reasonable attorney in like circumstances could [not have] believe[d] his actions to be ... legally justified." A legal contention is unjustified when "a reasonable attorney would recognize [it] as frivolous." Put differently, a legal position violates Rule 11 if it "has 'absolutely no chance of success under the existing precedent.'" *In re Sargent,* 136 F.3d 349, 352 (4th Cir. 1998), *cert. denied,* 525 U.S. 854, 119 S.Ct. 133, 142 L.Ed.2d 108 (1998) (quoting *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir. 1987); *Forrest Creek Associates, Ltd. v. McLean Sav. & Loan Ass'n,* 831 F.2d 1238, 1245 (4th Cir.1987); and *Brubaker v. City of Richmond,* 943 F.2d 1363 1373 (4th Cir.1991)).

Although appropriate for disposition on summary judgment, this action was fact intensive in the sense that Plaintiffs' counsel could have objectively perceived the facts stated due process violations. *Hutchinson,* 994 F.2d at 1080 (**awarding fees where the claim had no factual basis**). When the Defendants' summary judgment motion was considered, the undersigned found that certain of the Plaintiffs had shown they had protected liberty interests in the form of continued employment. And, the issue of whether the Plaintiffs received procedural due process was not simply resolved. Indeed, 22 pages of the 25–page opinion were devoted to the facts and application of law thereto. Claims which are dismissed after " 'careful consideration,' especially as evidenced by lengthy, detailed and reasoned orders or opinions, are not 'groundless' or 'without foundation.'" *Jane L. v. Bangerter,* 61 F.3d 1505, 1513 (10th Cir.1995) (quoting *Hughes,* 449 U.S. at 15–16, 101 S.Ct. 173). Indeed, if the Plaintiffs' theories for recovery had been frivolous, "the district court would have had no need to engage in prolonged and fact specific inquiries." *Id.,* at 1514. While at first blush it might seem obvious that employees who have admitted their own wrongdoing received all the process due to them, Plaintiffs' positions were well-stated by their attorney: "The suit was filed because plaintiffs sincerely believed that despite their own conduct, they were entitled to the same basic protections

afforded to every employee of the City—a properly noticed pre-disciplinary conference and an opportunity to make a thoughtful and reasoned choice without fear of criminal or administrative reprisal." **Plaintiffs' Response to Defendants' Motion for Fees, filed July 12, 2000, at 5.**

The cases cited by the Defendants in support of their motion are factually inapposite. In *Introcaso v. Cunningham,* 857 F.2d 965 (4th Cir.1988), the plaintiff was terminated as a public school teacher because of his theft of a typewriter. Plaintiff claimed his termination was in retaliation for his outspoken criticism of the superintendent and brought a § 1983 action claiming a violation of his First Amendment rights. However, the plaintiff received a full panoply of due process rights, including hearings at which the typewriter incident was explored. Thus, attorneys' fees were awarded. In *Hershinow v. Bonamarte,* 772 F.2d 394 (7th Cir.1985), a police officer was suspended for three days after an altercation with a citizen who used derogatory language toward the officer about his being Jewish. The officer filed a § 1983 action claiming the suspension was a black mark on his record and thus, damaged his reputation. Again, the officer received a full panoply of due process rights, including a hearing which he refused to attend. In *Campbell v. Cook,* 706 F.2d 1084 (10th Cir.1983), a police officer was disciplined for running a private security firm during his on-duty hours and for using police equipment in that business, facts that were brought out during numerous due process proceedings. Nonetheless, the officer sued, claiming he had been discriminated against on the basis of his race. Again, fees were awarded. Here, each of the Plaintiffs alleged that they did not receive the due process to which they were entitled as city employees with a protected interest in continued employment. Even those employees who resigned argued that their due process rights had been compromised. Again, as noted by the Defendants, "[t]he dispositive issues in this case were the Plaintiffs' mis-conduct, the voluntary nature of the resignations of three plaintiffs and the adequacy of the due process rendered to the other Plaintiffs: all issues that had to be fleshed out in discovery before they could be disposed of by the Court." **Defendants' Motion, at 2.**

The undersigned thus cannot find that the action was "frivolous, unreasonable, or without foundation." Moreover, while not successful, Plaintiffs' attorney did argue for a good faith extension of the law based on these facts. As a result, the undersigned concludes that the Defendants, although the prevailing parties, are not entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988. Nor have the Defendants established that Rule 11 has been violated.

**IT IS, THEREFORE, ORDERED** that the Defendants' motion for an award of attorneys' fees and interest is hereby **DENIED.** Costs shall be awarded to the Defendants in accordance with established procedure.