Scott William SWOBODA,
Plaintiff–Appellant,

v.

Jerry K. DUBACH; Steven J. Davies; Raymond Roberts; Dana Foley; Fred Cluck; Raymond Gaul; Tom Keyes; Roberta A. Dubach; Edna Fay Reder; Pam Remmers; Rhonda (Dubach) Miller; Joi Trant; Tina McNemee; Mary Turner; Lisa Baurman; Jodi Cook; James Rush; Robert Root; Robert Meyers; Doniphan County, Kansas Board of Commissioners, Defendants–Appellees.

No. 92–3156.

United States Court of Appeals,
Tenth Circuit.

May 4, 1993.

Scott William Swoboda, pro se.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, KS, for defendants-appellees Jerry K. Dubach, Edna Fay Reder, Pam Remmers, Roberta A. Dubach, Rhonda (Dubach) Miller, Joi Trant, Tina McNemee, Mary Turner, Lisa Baurman, Jodi Cook, James Rush, Robert Root, and Doniphan County, KS Bd. of Com'rs, Dana Foley, Fred Cluck, and Raymond Gaul.

Robert T. Stephan, Atty. Gen., and Terry D. Hamblin, Asst. Atty. Gen., Office of Atty. Gen., Topeka, KS, for defendants-appellees Steven J. Davies, Raymond Roberts, Tom Keyes, and Robert Meyers.

Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.

DAVID L. RUSSELL, District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.

---

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

288

The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Scott William Swoboda, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violation of various constitutional rights in connection with his arrest and subsequent confinement in the Doniphan County, Kansas jail. In the underlying state criminal case, Swoboda pled guilty to the felony offense of terroristic threat and to several misdemeanors, including obstructing official duty, disorderly conduct, and two charges of battery against a law enforcement officer. These offenses were based on Swoboda's conduct during his arrest and subsequent booking.

In his civil rights complaint against defendants, Swoboda alleged that 1) defendant Dubach used excessive force in his arrest of Swoboda; 2) defendant Dubach, in concert with others, has and continues to threaten to kill Swoboda; 3) defendants subjected Swoboda to numerous unconstitutional conditions during his confinement in Doniphan County jail; 4) defendants failed to inspect or report on the allegedly unconstitutional conditions at Doniphan County jail; 5) defendants Foley, Cluck, and Gaul, as County Commissioners of Doniphan County, failed to supervise and train the other county defendants, resulting in a violation of Swoboda's constitutional rights, and failed to protect Swoboda from Defendant Dubach; 6) defendants conspired and acted to intimidate Swoboda and to violate his constitutional rights; and 7) defendants violated state law in connection with Swoboda's confinement.[1] Swoboda also alleged various state law claims. He sought declaratory and injunctive relief, and damages.[2]

The district court ordered a review of the complaint and written report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (the *Martinez* report). The *Martinez* report was filed and Swoboda filed his objections. Defendants filed motions to dismiss or, in the alternative, for summary judgment, and Swoboda responded. The district court,

in an order dated March 30, 1992, dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6), concluding that Swoboda's allegations failed to state a cause of action under § 1983. 788 F.Supp. 519. Swoboda filed a notice of appeal. The district court denied his application to proceed without prepayment of costs or fees; he reurges that motion before this court.

This court noted a possible jurisdictional defect because Swoboda's notice of appeal was received one day after the thirty-day appeal period following the filing of the district court's judgment. We asked the parties to brief the issue in light of this court's opinion in *United States v. Leonard*, 937 F.2d 494 (10th Cir.1991), distinguishing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In *Houston*, the Supreme Court held that a pro se prisoner's notice of appeal was filed with the court when the prisoner gave it to prison authorities for mailing. 487 U.S. at 276, 108 S.Ct. at 2385. This court declined to apply *Houston* where a prisoner placed his notice of appeal in the regular, as opposed to the legal, prison mail system. *Leonard*, 937 F.2d at 495.

Here, defendants concede that "there was only [one mail] system and that was the system used." County Defendants' Jurisdictional Brief at 7. Therefore, the *Leonard* exception to *Houston* does not apply. Nonetheless, Defendants contend that *Houston* should not apply here either because the prison mail records indicate that Swoboda gave his notice of appeal to prison authorities on the day it was due in court. Defendants state: "No delay on the part of prison authorities here constituted the cause of a failure of petitioner to get his notice of appeal to the Clerk of the District Court within the time limit that defines the jurisdiction of this court." *Id.* at 8. Essentially, they argue that the reasoning of *Houston*, that incarceration should not adversely affect a pro se prisoner's ability to get his notice of appeal to a court on time, 487 U.S. at 270–72, 108 S.Ct. at 2382–83, does not apply here.

1. Swoboda moved to dismiss the action against Defendant Reder.

2. The district court dismissed Swoboda's claims for injunctive relief as moot. We agree, and Swoboda does not challenge that ruling on appeal.

*See also Leonard,* 937 F.2d at 495 ("With the advantage of the special filing requirements established in *Houston,* [ ] a pro se prisoner arguably is in a better position than non-incarcerated individuals with respect to the filing requirements of Rule 4.").

We hold that Swoboda's notice of appeal was timely. We decline to second-guess whether Swoboda, if not incarcerated, would have mailed his notice of appeal or made other efforts to insure that it was filed timely. We follow the Supreme Court's clear and straightforward ruling in *Houston,* that a pro se prisoner's notice of appeal is filed with the court "at the time petitioner delivered it to the prison authorities." 487 U.S. at 276, 108 S.Ct. at 2385; *see Hamm v. Moore,* 984 F.2d 890, 892 (8th Cir.1992) (finding jurisdiction where notice of appeal in § 1983 suit given to prison officials on due date); *see also Houston,* 487 U.S. at 275, 108 S.Ct. at 2385 (characterizing holding as "bright-line rule"); *Leonard,* 937 F.2d at 495 (same). Additionally, we grant Swoboda's motion to proceed without prepayment of costs or fees.

■ Moving to the merits of the appeal, [w]e review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. Allegations in the plaintiff's complaint are presumed true. The complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief.

*Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991) (citations omitted). Additionally, because Swoboda filed his complaint pro se, and continues pro se on appeal, we interpret his pleadings liberally, as required by *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). *See Northington v. Jackson,* 973 F.2d 1518, 1520–21 (10th Cir.1992).

Applying these standards, we hold that many of Swoboda's allegations fail to state a complaint cognizable in federal court under § 1983, and we affirm the district court's order as to those claims. However, the district court went beyond the applicable legal standards in dismissing Swoboda's excessive force claim. For the reasons stated below, we reverse on that claim, and remand for further proceedings.

■ We agree with the district court that the claims regarding conditions at Doniphan County jail must fail. Swoboda's complaint contains a myriad of allegations, which can be summarized into the following claims: a) conditions, restrictions, and constraints placed on pretrial detainees amounted to punishment, b) pretrial detainees were limited in their preparation of a legal defense by their inability to post bail, c) oppressive jail conditions limited inmates' ability to prepare or assist in their legal defense, d) restrictions placed on inmates' communications and access to law books amounted to a denial of access to the courts and counsel, e) conditions at the jail constituted cruel and unusual punishment, f) inmates received inadequate medical care, g) lack of access to exercise and recreation, h) lack of access to reading materials, i) inadequate diet at the jail, j) the jail's housing conditions, heating, ventilation and cooling, fire alarm, plumbing, and lighting systems, were inadequate and posed health threats to inmates, k) failure to provide regular bathing, cleaning, and laundry services, l) denial of the right to vote, m) denial of the right to exercise religious freedom, n) failure to train and staff the jail to insure inmates' safety, and o) failure to protect inmates' privacy.[3]

The majority of these claims fail either because Swoboda's allegations are conclusory or because he lacks standing to bring them. Many of Swoboda's contentions about the conditions at Doniphan County jail are simply general observations or complaints on behalf of other prisoners. He stated no specific facts connecting the allegedly unconstitutional conditions with his own experiences at Doniphan, or indicating how the conditions caused him injury. Without such facts, these claims are little more than conclusory allegations, which are insufficient to state a claim

---

3. In his reply brief on appeal, Swoboda contends that he has been denied access to legal resources at El Dorado Correctional Facility. We decline to address this issue. Neither El Dorado nor any of its employees are parties to this lawsuit, and the district court obviously has not considered this allegation. *See Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989).

for relief. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Additionally, Swoboda lacks standing to bring claims on behalf of others. *See Reynoldson v. Shillinger,* 907 F.2d 124, 125 (10th Cir.1990).

As to the remaining claims regarding conditions, where Swoboda did allege more specific facts, none of them rise to the level of a constitutional deprivation such that they state a claim under 42 U.S.C. § 1983. *See Shaw v. Neece,* 727 F.2d 947, 949 (10th Cir.), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2358, 80 L.Ed.2d 830 (1984). For example, Swoboda alleged that defendants violated his right to freedom of religion. However, the only specific fact he alleged in connection with his own exercise of religious freedom was that defendants refused to provide a minister of his faith. This allegation alone cannot support the denial of Swoboda's right to freedom of religion. *See Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990); *see also Cruz v. Beto,* 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 1082 n. 2, 31 L.Ed.2d 263 (1972) (noting that a prison chaplain, priest, or minister need not be provided for every faith). Because Swoboda failed to state cognizable claims regarding the conditions at Doniphan, his claims that defendants Foley, Cluck, and Gaul failed to supervise and train and failed to protect Swoboda from those conditions also fail. Additionally, Swoboda failed to make specific allegations showing how these defendants' alleged failures affected him during his stay at Doniphan. Similarly, Swoboda's claim that defendants violated various state laws during his incarceration at Doniphan County jail does not present a claim of constitutional dimension such that it supports a cause of action under § 1983. *See Johnson v. Clinton,* 763 F.2d 326, 327 (8th Cir.1985).

Swoboda's complaint contends that defendants failed to inspect or report his complaints of the conditions at Doniphan County jail. However, he does not state how this lack of inspection caused or contributed to any injury or violation of his constitutional rights. Therefore, this claim fails for lack of causation. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir.1991). Similarly, Swoboda's claims of conspiracy fail because he did not allege specific facts in support of these allegations. *See Ruark v. Solano,* 928 F.2d 947, 950 (10th Cir.1991); *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir.1989). Finally, Swoboda's allegations that Defendant Dubach and others threatened to kill him and continue to do so fail by themselves to state a constitutional claim cognizable under § 1983. *See Hulsey v. Texas,* 929 F.2d 168, 172 (5th Cir.1991) (stating mere threat insufficient to demonstrate significant injury needed to sustain excessive force claim).

In addition to dismissing the above claims, the district court also rejected Swoboda's allegations that Defendant Dubach, at that time the sheriff of Doniphan County, "assaulted, beat and disfigured" him during his arrest. Complaint at 2. The court's order states:

> The court finds no merit to plaintiff's claim that plaintiff, when arrested, was assaulted by the Sheriff and that excessive force was used.... Given the affidavits provided by others present during the arrest, and given the Sheriff's amended answer filed in that case, this court accepts the Sheriff's explanation ... that the plaintiff was the individual under the influence of alcohol or drugs when the arrest was made.

District Court Order at 3.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether *the plaintiff's complaint alone* is legally sufficient to state a claim for which relief may be granted." *Miller,* 948 F.2d at 1565 (emphasis added). In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes. *See Reed v. Dunham,* 893 F.2d 285, 287 n. 2 (10th Cir.1990); *Sampley v. Ruettgers,* 704 F.2d 491, 493 n. 3 (10th Cir.1983).

The court also concluded, without explanation, that Swoboda's excessive force claim was not of constitutional dimension. District Court Order at 3–4. Excessive force

during arrest violates a person's Fourth Amendment right against unreasonable searches and seizure. *See Graham v. Connor,* 490 U.S. 386, 394–95, 109 S.Ct. 1865, 1870–71, 104 L.Ed.2d 443 (1989); *Austin v. Hamilton,* 945 F.2d 1155, 1160 (10th Cir. 1991). Our review of Swoboda's complaint indicates that he has alleged sufficient and specific facts in support of his claim of excessive force. That claim is of constitutional dimension, and properly brought under § 1983. Defendants' version of the facts cannot be used to reject the claim at this juncture in the proceedings. We express no opinion as to the merit or eventual disposition of Swoboda's excessive force claim. We hold simply that his complaint, interpreted liberally, states a claim for relief on that ground.

■ Defendants argue on appeal that this court can affirm for reasons other than those relied on by the district court, as long as those reasons find support in the record. We agree. *See Bath v. National Ass'n of Intercollegiate Athletics,* 843 F.2d 1315, 1317 (10th Cir.1988). Defendants also contend that Swoboda received notice and an opportunity to respond to their motions to dismiss or, alternatively, for summary judgment. *Cf. Ketchum v. Cruz,* 961 F.2d 916, 919 (10th Cir.1992) (plaintiff must receive notice and opportunity to submit evidence where court converts motion to dismiss into motion for summary judgment). Essentially, defendants seek a summary judgment ruling from this court. We recognize that the parties moved for summary judgment in the alternative, and that Swoboda apparently received notice of the motion and responded. Nonetheless, we remand Swoboda's surviving claim to the district court for its initial consideration of the remaining arguments in support of defendants' various motions to dismiss,[4] defendants' various arguments in support of summary judgment, including qualified immunity, and what appear to be

contested issues of fact surrounding the excessive force claim. Additionally, the district court should reexamine Swoboda's state law claims, and his motions for appointment of counsel. *See Miller,* 948 F.2d at 1567–68, 1572.[5]

The judgment of the United States District Court for the District of Kansas is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order. Swoboda's motion to proceed without prepayment of costs or fees is GRANTED; all outstanding motions are DENIED. The mandate shall issue forthwith.

---

4. For example, certain defendants moved to dismiss Swoboda's claims against them, contending that no factual allegations connect them to Swoboda's complaints. We recognize that, in affirming the district court's ruling on the majority of Swoboda's claims, numerous other defendants will be able to assert this same defense to the remaining claim.

5. The district court dismissed these claims, concluding that, following its dismissal of Swoboda's § 1983 claims, the court lacked an independent basis for federal jurisdiction and, therefore, a basis to exercise pendent jurisdiction.