13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alexander SHAPOLIA, Plaintiff-Appellant,
v.
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, of Utah;
United States Department of Energy; University of
California, President; University of
California Board of Regents,
Defendants-Appellees.
 No. 93-2174.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Alexander Shapolia, proceeding pro se, brought suit claiming defendants violated his rights under the First Amendment. He appeals the district court order dismissing his claim against all named defendants for failure to state a claim. We AFFIRM.
 
 I.
 
 3
 Mr. Shapolia contends on appeal that the district court erred in dismissing his complaint. He claims that the Church of Jesus Christ of Latter-Day Saints (Mormons) has usurped control of the Los Alamos National Laboratory (LANL) thereby violating the principle of separation of church and state. The Board of Regents and the President of the University of California are named as defendants apparently because the University operates LANL under contract with the United States Department of Energy (DOE). The DOE is named because Mr. Shapolia alleges it consciously ignored and attempted to coverup the Mormon conspiracy to take over LANL.
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim, and presume the allegations stated in the pleadings are true. Swoboda v. Dubach, 992 F.2d 286, 289 (10th Cir.1993). If Mr. Shapolia can not prove facts entitling him to relief, his claim will be dismissed. Id. Because Mr. Shapolia is proceeding pro se, we construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by an attorney. Estelle V. Gamble, 429 U.S. 97, 106 (1976).
 
 
 5
 The majority of Mr. Shapolia's pleadings are filled with conclusory allegations and his personal opinions about the Mormon religion. For example, he asserts that the Mormon Church suffers from a "superiority complex," and is "more interested in saving dollars than in saving souls." Rec., vol. I, doc. 1 at 6, 3. His pleadings also assert that Mormons have begun to infiltrate the State Capitol in Santa Fe, New Mexico, as well as the F.B.I. and the C.I.A. Id. at 5, 11. The only substantive assertions in his pleadings are that the management of LANL is disproportionately composed of Mormons and that non-Mormons have suffered financial loss due to the preferential treatment given to Mormons. Aplt. Br. at 2-3. However, Mr. Shapolia is not currently an employee at LANL.
 
 
 6
 Mr. Shapolia asks for a condemnation of the alleged illegal actions of the Mormons, a congressional investigation, the removal of all Mormons from the management of LANL, termination of the "Mormon Connection," and for the Mormons to "start acting like Christians which they have always claimed to be." Rec., vol. I, doc. 1 at 12. Mr. Shapolia admits in his pleadings that one of the main purposes of his suit is to inform the news media, the United States government, and the public of the alleged Mormon conspiracy. Id. at 3.
 
 
 7
 While pro se status requires a liberal construction of a litigant's pleadings, liberal construction does not relieve a plaintiff of the obligation to allege sufficient facts on which a recognized legal claim may be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). The pleadings in this case are filled with conclusory allegations and Mr. Shapolia's religious bigotry against the Mormon Church. Mr. Shapolia has failed to allege facts stating a claim under the First Amendment or stating any other cognizable claim.[2] We therefore AFFIRM the district court's dismissal of the suit as to all defendants.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Shapolia, a former employee of LANL, was dismissed in 1989 for failure to meet the requirements of his employment status. His subsequent federal lawsuit alleging religious discrimination and retaliatory discharge was unsuccessful. See Shapolia v. Los Alamos Nat'l Lab., 992 F.2d 1033 (10th Cir.1993). Therefore, we do not read his pleadings in this case as asserting a claim for religious employment discrimination