25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CIMARRON OPERATING COMPANY, an Oklahoma corporation; FP
Inc., formerly known as French Petroleum
Corporation, an Oklahoma corporation,
Plaintiffs-Appellants,
v.
Bruce BABBIT, Secretary, Department of the Interior;
Carlita Kallour, Acting Director of Minerals Management
Service, Department of the Interior; James Shaw, Associate
Director of Royalty Management Program, Minerals Service,
Department of the Interior, Defendants-Appellees.
 No. 93-6374.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judges.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs appeal the district court's order dismissing their suit for failure to exhaust administrative remedies. Plaintiffs brought suit against defendants, challenging orders issued by the Minerals Management Service (MMS), part of the Department of the Interior. Those orders required plaintiffs to pay additional royalties on natural gas production from leases plaintiffs hold on Indian allotted lands in Oklahoma, based on a re-valuation of the production by the MMS. Plaintiffs sought no remedy within the agency, but brought suit directly in the district court, challenging both the orders and the agency's underlying authority to re-value the production at issue.
 
 
 4
 Our jurisdiction over this appeal arises from 28 U.S.C. 1291. We review the district court's legal conclusions in support of its grant of summary judgment de novo,[2] see Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). However, because application of the exhaustion doctrine is discretionary with the district court, we review that determination only for abuse of discretion, see Park County Resource Council, Inc. v. United States Dep't of Agric., 817 F.2d 609, 619 (10th Cir.1987).
 
 
 5
 On appeal, plaintiffs argue that the district court should not have dismissed their suit because the MMS orders were final agency action, and, even if they were not final action, exceptions to the exhaustion doctrine apply here. Plaintiffs also argue the merits of their suit against defendants. We need not reach the merits, however, because, after careful examination of the record on appeal and the parties' briefs, we affirm the district court's judgment.
 
 
 6
 We agree with the district court that the MMS orders are not final agency action, and affirm that portion of the judgment for substantially the same reasons stated in the district court's memorandum opinion and order dated October 5, 1993. We also affirm the district court's ruling that plaintiffs' suit is barred for failure to exhaust administrative remedies, although we reach that result under a slightly different analysis. See Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir.1993) (appellate court can affirm for any reason that finds support in the record).
 
 
 7
 While a litigant must generally exhaust any available administrative remedies before seeking judicial review, Rocky Mountain Oil & Gas Ass'n v. Watt, 696 F.2d 734, 743 (10th Cir.1982), exhaustion is a judicially-created doctrine, and subject to various recognized exceptions. See Mountain States Natural Gas Corp. v. Petroleum Corp. of Texas, 693 F.2d 1015, 1019 (10th Cir.1982). The doctrine is not jurisdictional, but discretionary with the district court. Rocky Mountain Oil & Gas Ass'n, 696 F.2d at 743 n. 12. The plaintiffs contend that they need not exhaust administrative remedies here because exhaustion would be futile and because their suit presents a purely legal challenge. The district court, while noting plaintiffs' arguments about these exceptions, did not deal with the issues because it concluded that the administrative appeal process, required by agency regulation, "is mandatory," and that plaintiffs had waived their right to judicial review by failing to appeal within the agency.
 
 
 8
 We reject plaintiffs' arguments that exceptions to the exhaustion doctrine apply in this case. First, plaintiffs argue that the trust relationship between the federal government and Indian tribes creates a "statutorily mandated 'bias' in favor of Indian allottees." Appellants' Br. at 19. They claim that this bias predetermines their challenge to the agency's revaluation of production, and results in futility, excusing their failure to appeal within the agency. We disagree. Plaintiffs' arguments are no more than conclusory statements; plaintiffs have no evidence that an appeal within the agency would be futile in this case. See Joint Bd. of Control of Flathead, Mission & Jocko Irrigation Dists. v. United States, 862 F.2d 195, 200 (9th Cir.1988)(futility exception rejected where appellant failed to present evidence of "actual bias" and allegations were "purely speculative"). Further, plaintiffs do not allege system-wide abuse, or present evidence of similar alleged violations resulting from the trust relationship. Cf. Association for Community Living in Colo. v. Romer, 992 F.2d 1040, 1044 (10th Cir. 1993) (administrative remedies often futile where suit seeks system-wide reforms; framing complaint as challenge to policy does not convert suit into system-wide challenge).
 
 
 9
 Second, plaintiffs assert that administrative exhaustion should be excused because their suit is a challenge to agency authority and, as such, presents purely legal issues. See Rocky Mountain Oil & Gas Ass'n, 696 F.2d at 744. Again, we disagree. While there are legal aspects to plaintiffs' suit, plaintiffs' legal characterization of the issues belies the practical reality that they are challenging specific MMS assessment orders requiring them to pay specified additional production royalties, pursuant to a production revaluation. Accordingly, we conclude that factual development by the agency and application of the agency's expertise would enhance review of plaintiffs' claims. See id. at 743. For the reasons stated above, we hold that the district court did not abuse its discretion in dismissing plaintiffs' claims for failure to exhaust administrative remedies. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 The district court converted defendants' motion to dismiss to a motion for summary judgment, pursuant to Fed.R.Civ.P. 12 and 56