51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest G. MOORE, Plaintiff-Appellant,
v.
William A. PERRILL, W. M. Grahame, G. Mojica, Defendants-Appellees.
 No. 94-1377.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an order of the district court dismissing his complaint filed pursuant to 42 U.S.C.1983. Plaintiff alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment because of a failure of the FCI Englewood facility to provide him with a diabetic diet. Plaintiff appeals on the grounds that he was denied his constitutional right to adequate medical treatment for diabetes and that this denial resulted in religious and race discrimination. We affirm.
 
 
 3
 Plaintiff in this matter is a diabetic. Before he was transferred to FCI Englewood he was given a special diet at the United States Penitentiary in Leavenworth, Kansas. FCI Englewood has no such diet, but the record makes clear that FCI Englewood makes available a cafeteria style dining facility where nutritional break down cards are displayed prominently. Further, the record is clear, and plaintiff does not dispute, that the medical staff at FCI Englewood has closely monitored his diabetic condition since his arrival at the facility and that he has been treated with medication, a suggested diet, and blood-sugar testing. Construing plaintiff's complaint in the light most favorable to him and liberally as we must for a pro se plaintiff, we agree with the district court that the complaint has alleged no facts that support his allegations that defendants violated his Eighth Amendment rights. Petitioner has not shown that he was denied "nutritionally adequate food," only that he was denied his preferred diet. See Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980); cert. denied, 450 U.S. 1041 (1981). Further, plaintiff has failed to allege any facts that would support a claim for religious or racial discrimination. Plaintiff's conclusory allegations do not state a claim under 1983. See Swoboda v. Dubach, 992 F.2d 286, 289-90 (10th Cir.1993). Under the circumstances of this case where plaintiff's condition was monitored carefully and frequently, appropriate diagnoses and medication were provided, and dietary instructions were provided, we agree with the district court that no constitutional violations have been alleged. We AFFIRM for substantially the reasons given by the magistrate judge and adopted by the district court.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470