59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald L. COOPER, Plaintiff-Appellant,
v.
OKLAHOMA COUNTY DISTRICT COURT; James Blevins, District
Court Judge; Oklahoma County District Attorney; Charles K.
Rogers, Assistant DA; Joan E. Fulks, Legal Intern;
Oklahoma Court of Criminal Appeals; Gary L. Lumpkin,
Criminal Appeals Judge; Charles Johnson, Criminal Appeals
Judge; Charles Chapel, Criminal Appeals Judge, Tom Brett,
Criminal Appeals Judge, Ed Parks, Criminal Appeals Judge,
Defendants-Appellees.
 No. 94-6286.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gerald L. Cooper appeals the dismissal of his federal civil rights action and the denial of his request for a writ of injunction. Mr. Cooper alleges that various state judges and prosecutors conspired to deny him meaningful access to the courts in violation of 42 U.S.C.1981 and 1985. We affirm the district court's denial of injunctive relief but hold that we do not have jurisdiction to consider Mr. Cooper's other requests for relief.
 
 
 3
 Mr. Cooper, a state prisoner proceeding pro se, asserts that Oklahoma prosecutors and judges have mishandled his various applications for post-conviction relief because of racial discrimination. Mr. Cooper alleges, among other things, that defendant judges dismissed his petitions based on personal knowledge or without jurisdiction, and that defendant prosecutors misstated pertinent facts and made intentional omissions in responding to his applications. Mr. Cooper claims that this alleged denial of meaningful access to the courts occurred because he is black. Alleging that he is in immediate danger of further discriminatory treatment in a pending state habeas case, Mr. Cooper filed a request for a writ of injunction.
 
 
 4
 Upon recommendation of the magistrate, the district court denied the request for an injunction and dismissed the complaint as to all defendants except Joan E. Fulks, whom defendant had failed to serve. Because Mr. Cooper had shown good cause for his failure to serve Ms. Fulks, the district court held that he should be afforded the opportunity to serve her.
 
 
 5
 We may only review decisions of district courts which are final as to all issues and parties. 28 U.S.C. 1291. Thus we do not have jurisdiction over that part of the district court order granting defendants' motion to dismiss because the case remains pending as to Ms. Fulks.[2] We do, however, have jurisdiction over the district court's denial of injunctive relief because it is an interlocutory order which is immediately appealable. 28 U.S.C. 1292(a)(1).
 
 
 6
 In support of his request for an injunction, Mr. Cooper asserts conclusory allegations of racial discrimination and conspiracy. He relies upon statistics, stating that "one in four African American men in [Oklahoma] are [sic] under the control of the Oklahoma Department of Correction." Aplt. Br. at 5. Even if these statistics are accurate, Mr. Cooper has failed to allege concrete facts supporting his theory that such statistics are the result of widespread racial discrimination. Nor has he alleged facts supporting his claims that his own alleged mistreatment stemmed from defendants' racial animus. Mr. Cooper's claims are "little more than conclusory allegations, which are insufficient to state a claim for relief." Swoboda v. Dubach, 992 F.2d 286, 289-90 (10th Cir.1993).
 
 
 7
 We AFFIRM the district court's denial of injunctive relief and DISMISS the remainder of the appeal for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Pursuant to Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645-46 (10th Cir.1988), the parties were directed to secure from the district court a Fed.R.Civ.P. 54(b) certification or an order adjudicating the claims as to Ms. Fulks. The district court denied Mr. Cooper's "motion to produce" Rule 54(b) certification or a final order. Rec., vol. I at doc. 31