**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLISON CHILDS,

        Plaintiff-Appellant,

v.

NATIONAL JEWISH CENTER FOR
IMMUNOLOGY AND
RESPIRATORY MEDICINE and
DOES I THROUGH X,

        Defendants-Appellees.

Case No. 97-1133

(D.C. 97-S-69)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously

determined that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ms. Allison Childs appeals the district court's dismissal of her pro se, in forma pauperis action under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part and remand in part.

## I. BACKGROUND

Ms. Childs suffers from numerous physical and mental disorders.[1]  She is a patient of the National Jewish Center for Immunology and Respiratory Medicine ("NJC").

Ms. Childs brought this action against NJC and against individuals identified in the complaint as "Does I through X."[2]  The district court dismissed Ms. Childs's complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.  Ms. Childs appeals.

---

[1]  In response to an order for a more definite statement, Ms. Childs listed her disabilities as compulsive obsessive disorder, severe anxiety, depression, fearfulness, post-delayed stress syndrome, bronchopulmonary allergic aspergillosis, severe allergies, scarring on the lungs, severe asthma, chronic immune disorder, intravenous immunoglobulins, hernea, colitis, spastic colon, deafness in the left ear, and several forms of arthritis.  See Rec. vol. I, doc. 9, at 2 (Resp. to Order for More Definite Statem., dated Feb. 18, 1997) [hereinafter "Resp. to Order"].

[2]  In response to the district court's order for a more definite statement, Ms. Childs identified "Does I through X" as Dr. D. Hamilos; Louis Necks; Dr. Phillip Colsello; Lynn Taussig, M.D.; Mr. Cotts; Carol King Hawkins; Dr. King; Leonard Perlmuller; Bernard Fullner; and Michael K. Fchonbrun.  Resp. to Order at 4.

## II. DISCUSSION

We review the district court's dismissal for abuse of discretion. See Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir. 1987). In her complaint, Ms. Childs alleges two ADA violations — discrimination and retaliation. We will consider these claims in turn.

### A. Discrimination

In her discrimination claim, Ms. Childs alleges that NJC has, at the request of Does I through X, "erect[ed] barriers against . . . her disability." Rec. vol. I, doc. 3, ¶ 17 (Compl., dated Jan. 15, 1997) [hereinafter "Compl."]; see also id. ¶ 12. Specifically, Ms. Childs claims that she has been denied overnight lodging to accommodate her disability. See Compl. ¶¶ 11, 12. Section 202 of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (1994).

The district court dismissed the discrimination claim on the ground that Ms. Childs had not alleged sufficient facts to show that any defendant was a "public entity" subject to section 202. See Rec. vol. I, doc. 10, at 3-4 (Order of

3

Dismissal, dated Mar. 11, 1997).  Ms. Childs alleges that NJC's "status as a public entity is supported by the fact that [it] receives public grant monies." Resp. to Order at 4.  However, the statutory definition of "public entity" is limited to "any State or local government"; "any department, agency . . . , or other instrumentality of a State . . . or local government"; or "the National Railroad Passenger Corporation [or] any commuter authority."  42 U.S.C. § 12131(1).  As Ms. Childs's allegation fails to satisfy the definition of "public entity," we affirm the dismissal of the discrimination claim.

## B.  Retaliation

In her retaliation claim, Ms. Childs alleges that NJC retaliated against her in violation of section 503 of the ADA.  See Compl. ¶ 21.  Section 503 provides, in pertinent part, that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."  42 U.S.C. § 12203(a).  Ms. Childs claims that NJC "retaliated against [her] by . . . refusing to make and/or keep appointments with her."  Compl. ¶ 14. On appeal, Ms. Childs further states:  "I am not getting good and appro[pr]iate care.  Medical care received is almost nill [sic]."  Aplt's Br. at 3.

4

The district court did not, in its order of dismissal, address the merits of Ms. Childs's retaliation claim. By failing to do so before dismissing Ms. Childs's complaint in its entirety, the district court abused its discretion. Cf. McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 680 (10th Cir. 1989) (per curiam) ("A clear example of an abuse of discretion is where the trial court fails even to consider either an applicable legal standard or the facts upon which the exercise of its discretionary judgment is based.") (considering motion under Fed. R. Civ. P. 60(b)).

We are free to "affirm for reasons other than those relied on by the district court, as long as those reasons find support in the record." Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir. 1993). However, we discern no such basis for affirmance here: we cannot conclude, based on the record before us, that Ms. Childs's retaliation claim is frivolous, fails to state a claim, or is otherwise prone to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B).[3] Unlike the anti-

---

[3] We recognize that Ms. Childs's complaint is not a model of clarity. She does not specify which of her appointments were canceled, or by whom, or when. See Compl. ¶¶ 14-15, 20-22. However, the proper way to flesh out these details is for the defendants to file a motion for a more definite statement, see Fed. R. Civ. P. 12(e), and/or for the defendants to explore these matters during discovery, summary judgment, etc. Dismissal for failure to state a claim is appropriate only "if the pleading is so sketchy that it cannot be construed to show a right to relief." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376, at 576 (2d ed. 1990). As we explain above, we do not believe that Ms. Childs's complaint rises to such a level of sketchiness.

5

discrimination provision in section 202, the anti-retaliation provision in section 503 applies to any "person," not just to public entities. 42 U.S.C. § 12203; see also 42 U.S.C. § 12111(7) (defining "person"). Moreover, the fact that Ms. Childs's section 202 discrimination claim is invalid does not automatically mean that her section 503 retaliation claim is invalid as well: Section 503 prohibits not only retaliation that occurs "because [an] individual has opposed an[] act or practice made unlawful by this chapter," such as the discrimination outlawed by section 202. Id. Section 503 also proscribes retaliation that occurs "because [an] individual [has] made a charge . . . in a[] . . . proceeding . . . under this chapter," id., even if the charge is ultimately found to be without merit. See also Williams v. Chicago Bd. of Educ., No. 97 C 1063, 1997 WL 467289, at *3 (N.D. Ill. Aug. 13, 1997) (outlining prima facie case for retaliation). Because Ms. Childs's retaliation claim appears to be non-frivolous and to state a claim under section 503, we remand the claim to the district court for further proceedings.[4]

---

[4] In her opening brief on appeal, Ms. Childs avers that section "503 was wrongfully looked at and considered" by the district court. Aplt's Br. at 4. This statement mischaracterizes the analysis of the district court; as explained above, the district court did not examine section 503 at all. Also, Ms. Childs's statement is contradicted by other parts of her brief, where she argues in favor of section 503 analysis: "[s]ection 503 is the retaliation which I said [NJC] did to me," and NJC "retaliated against me because of prior ADA complaints." Id. at 2, 3.

As Ms. Childs is proceeding pro se, we must construe her allegations liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Thus, we decline to construe her objection to consideration of section 503 as an abandonment of her retaliation claim. Ms. Childs's objection seems to be more of

6

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment as to Ms. Childs's discrimination claim, and we REMAND the retaliation claim for further proceedings. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

an unintentional misstatement than an intentional relinquishment of the retaliation issue.