F I L E D
United States Court of Appeals
Tenth Circuit

JUN 24 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN MOORE,

     Plaintiff-Appellant,

v.

DONICE NEAL; LYNN ERICKSON;
ARISTEDES W. ZAVARAS; LINDA
MCCALL,

     Defendant-Appellees.

No. 97-1420
(D.C. No. 97-D-1024)
(Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stephen Moore, a pro se state prisoner, brought this action under 42 U.S.C. § 1983 alleging that various prison officials subjected him to unconstitutional cruel and unusual punishment and impaired his right of access to the courts by enforcing a prison security policy limiting him to only one pair of eye glasses at a time.[1]  The district court ordered a report under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).  After Mr. Moore responded to the report, the district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted.  Mr. Moore appeals and we affirm.

We first address defendants' argument that we lack jurisdiction over this appeal because Mr. Moore's notice of appeal was filed more than thirty days after entry of the district court's order.  See Fed. R. App. P. 4(a).  Defendants point out that Mr. Moore failed to obtain leave to file a late appeal.  However, defendants overlook Fed. R. App. P. 4(c), under which an inmate's notice of appeal is deemed timely if he places it in the prison's internal mail system on or before the last day for filing.  See also Swoboda v. Dubach, 992 F.2d 286, 288-89 (10th Cir. 1993) ("a pro se prisoner's notice of appeal is filed with the court 'at the time

---

[1] Mr. Moore also alleged an Eighth Amendment violation based on the prison's policy of requiring inmates to use dental piks instead of dental floss.  In his Reply Brief on appeal, Mr. Moore concedes the denial of dental floss, by itself, does not constitute an Eighth Amendment violation.  Reply Brief at 11.

petitioner delivered it to the prison authorities'") (quoting <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988)). The record here contains undisputed evidence showing Mr. Moore delivered his notice of appeal to prison officials within the applicable thirty-day period. His appeal is therefore timely.

Mr. Moore asserts the district court erred in dismissing his suit after he had paid the filing fee without allowing him leave to amend his complaint. Section 1915(e)(2) provides that "<u>[n]otwithstanding any filing fee . . . that may have been paid</u>," the court shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2) (emphasis added). Mr. Moore's assertion that the court erred in dismissing without granting him leave to amend is incorrect. The district court stated in its order that it had considered the material submitted by Mr. Moore in his motion for leave to amend before dismissing the suit, and accordingly dismissed Mr. Moore's request to amend as moot. We see nothing procedurally improper in the manner in which the court issued its order.

Mr. Moore also contends the court erred in dismissing his Eighth Amendment claim, asserting defendants subjected him to cruel and unusual punishment by refusing his request for two pairs of glasses, one for distance vision and one for reading. Mr. Moore was seen by prison medical personnel who recommended that Mr. Moore use bifocals, which would correct both his distance

and close vision in compliance with the prison's one-pair rule. When Mr. Moore complained he was unable to use the bifocals because they gave him headaches,[2] the medical personnel determined that Mr. Moore could read either without glasses or with the glasses that corrected his distance vision, or that he could read with his reading glasses and do without his distance vision glasses.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). We find no evidence of acts or omissions sufficiently harmful to constitute deliberate indifference to Mr. Moore's vision problems. Id. at 106. A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. See id. at 107; Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). The district court did not err in dismissing the Eighth Amendment claim.

Finally, Mr. Moore contends defendants violated his right of access to the courts, arguing that the failure to provide him with glasses to correct his reading vision prevented him from doing necessary legal work. The right of access to the courts prohibits prison officials from "actively interfering with inmates' attempts

---

[2] The record reflects that Mr. Moore destroyed his bifocals shortly after beginning to use them.

to prepare legal documents, or file them." Lewis v. Casey, 116 S. Ct. 2174, 2179 (1996) (citation omitted). An inmate alleging such a violation must show actual prejudice by demonstrating that the challenged prison action in fact interfered with his ability to challenge the conditions of his confinement. Id. at 2180-82. The voluminous handwritten material filed by Mr. Moore both in the district court and on appeal, in which Mr. Moore cites pertinent legal authority and discusses the record in detail, undercuts any argument that the prison's policy limiting him to one pair of glasses actually interfered with his ability to challenge that policy. The court did not err in dismissing this claim.[3]

The order of the district court dismissing this action under 28 U.S.C. § 1915(e)(2)(B) is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[3] We grant Mr. Moore's motion to supplement the record. In view of our disposition of this appeal, however, we deny his motion for court-ordered discovery and his motion for a temporary restraining order and for preliminary injunctive relief.