**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE MALLARD,

    Plaintiff-Appellant,

    v.

LARRY FIELDS,

    Defendant-Appellee.

No. 98-7012
(D.C. No. 96-CV-415-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

George Mallard, an Oklahoma state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to 28 U.S.C. § 1291 and affirm.

Mallard has been in the custody of the Oklahoma Department of Corrections (DOC) since May 28, 1970, when he began serving a life sentence for murder. Between September 14, 1994, and December 18, 1995, he was transferred several times between DOC facilities. The transfers were the result of an order by the governor requiring that inmates serving life sentences for murder be assessed for security risks and ultimately housed in medium or maximum security level facilities. Mallard was housed in the maximum security East Cell House (ECH) at Oklahoma State Penitentiary (OSP) for approximately five days in September 1994 and for approximately eighteen days in December 1995.

Mallard filed this § 1983 action against DOC Director Larry Fields and unknown DOC employees on August 22, 1996. He alleged his transfers to ECH (1) were unconstitutional because they were executed without a classification hearing; (2) violated the district court's orders in Battle v. Anderson, Case No. 79-096-B, which allegedly closed ECH due to unconstitutional conditions of confinement; and (3) were in retaliation for the actions of two other inmates who committed crimes while apparently confined in lower security level facilities. Mallard further alleged the initial transfer to ECH was unconstitutional because it deprived him of his opportunity to work for compensation at Oklahoma State Industries. He alleged the conditions of confinement at ECH violated the Eighth

-2-

Amendment because the facility was unfit for human habitation. He also alleged he was denied access to the OSP law library while housed at ECH.

At the direction of the district court, Fields prepared and filed a _Martinez_ report. Fields filed a motion to dismiss and/or for summary judgment. The court allowed Mallard to respond and granted the motion, dismissing the action in its entirety.

We review de novo the district court's decision on a motion to dismiss or a motion for summary judgment. _See_ _Swoboda v. Dubach_, 992 F.2d 286, 289 (10th Cir. 1993). Dismissal of a complaint is proper only where, after taking all well-pleaded factual allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Conley v. Gibson_, 355 U.S. 41, 45-46 (1957). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Because defendant's _Martinez_ report may not be used to resolve factual disputes, _see_ _Hall v. Bellmon_, 935 F.2d 1106, 1111 (10th Cir. 1991), we treat the statement of facts presented in Mallard's verified complaint as true for purposes of reviewing defendant's motion and construe those facts and inferences reasonably made from them in the light most favorable to Mallard. _See_ _Jaxon v. Circle K Corp._, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985). However, Mallard's failure to establish the

existence of an element essential to his case on which he bears the burden of proof at trial will result in a determination that no genuine dispute exists over material facts. Celotex Cop. v. Catrett, 477 U.S. 317, 322-23 (1986).

After reviewing the record on appeal, we agree with the district court that Mallard has failed to establish a cognizable constitutional claim. Mallard has clearly suffered no constitutional violation from the changes in his security classification, his transfers to ECH, or the resulting loss of his prison job. Generally speaking, prison inmates have no legally protected interest in a particular security or job classification, or in the location of their confinement. See Sandin v. Conner, 515 U.S. 472, 486 (1995); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986). Nothing presented by Mallard persuades us Oklahoma law or DOC regulations otherwise create valid interests in these items.

Mallard has failed to offer any evidence in support of his conclusory allegation that he was denied access to the OSP law library while housed at ECH. In contrast, the evidence submitted by Fields indicates Mallard submitted no requests for law library services while housed at ECH. We agree with the district court that Mallard's allegations of constitutional deprivations in this regard are "unsubstantial."

Although we disagree with the district court that Mallard's Eighth Amendment challenge to the conditions of confinement at ECH is precluded by

the existence of an ongoing class action challenging those same conditions, <u>see</u> <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1166 n.4 (10th Cir. 1991), we nevertheless conclude Mallard's allegations in this regard are vague, conclusory, and entirely insufficient to support his burden of surviving summary judgment. Considering his short stay at ECH, as well as the uncontroverted evidence presented by Fields regarding conditions of confinement at ECH, there is no basis for a reasonable factfinder to conclude Mallard was deprived of the "'minimal civilized measure of life's necessities.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge